Curia, per

Earle, J.
The motion to quash the writ, because it was signed by the clerk in blank, cannot be allowed to prevail. There is no rule of court here, as in the *3 court at Westminster, which forbids such a practice; nor have we had occasion to observe any particular mischief which results from it. It would seem to be quite irregular to allow the clerk to disavow and invalidate his ■own act. The writ is within the control of the clerk until delivered to the sheriff; and if at that time it had all the legal requisites, it is sufficient. The practice of signing writs in blank, has been common ever since district courts were established; and has been too long sanctioned to be disturbed.
Nor can we agree to set aside the service on the ground that it was not entered in the sheriff’s office, and in the sheriff’s book. The Act of 1839, which directs the entry and prescribes the mode, is merely directory; intended only to furnish evidence of the fact, that the writ was de^ livered to the sheriff; in case such proof should be required either against the sheriff, or in controversies between othel parties; and the entry, with the endorsement of it, cannot be held essential to the validity of the writ, or the legality of the service. The sheriff is equally required to enter the service and return; and it would be quite as reasonable to hold the service void, because the sheriff fails to enter it in his book. Motion refused.
Richardson, O’Neall, Evans, Butler and Wardlaw, JJ. concurred.