2506

Peggy SCHENK, Respondent v.
NATIONAL HEALTH CARE, INC., Appellant.
(471 S.E. (2d) 736)

Court of Appeals

*J. Stephen Welch,* of *Welch & Crain,* Greenwood, *for appellant.*

*Joseph C. Smithdeal,* of *Judson Ayers & Associates,* Greenwood, *for respondent.*

Submitted Apr. 1, 1996.

Decided Apr. 29, 1996; Reh. Den. June 21, 1996.

ANDERSON, Judge:

This is a wrongful termination action in which the court entered an order of default against National Health Care, Inc. and awarded Peggy Schenk $14,994 in damages as compensation for lost wages. National Health Care, Inc. appeals the court's failure to set aside the order of default and the computation of damages. We affirm.[1]

Schenk filed this action on April 14, 1993, alleging she was wrongfully terminated from her position with National Health Care on May 15, 1992, because she had filed a claim for workers' compensation benefits. According to the records of the South Carolina Secretary of State, the appellant's registered agent for service of process was Betty Finley at 1501 E. Greenville Street, Anderson, South Carolina. A process server took the summons and complaint to the noted address

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

on April 22, 1993. According to his affidavit, Ms. Carol Grant advised him Betty Finley had retired from the company and she was duly authorized to accept service of process as the office manager. Ms. Grant assured the process server she would pass the papers along to corporate headquarters. No answer was received and respondent's counsel obtained an "Order of judgment and for hearing to ascertain damages" on July 27, 1993. National Health Care filed a motion to set aside the default. The motion was denied. After a damages hearing, the court awarded Schenk compensation for lost wages for a period of sixty-three weeks in the amount of $14,994.

## I.

National Health Care argues the court erred in failing to set aside the entry of default because Schenk did not properly serve the company and it desired to respond to the merits of the action.

Rule (4d)(3), SCRCP, addresses service of process upon a corporation as follows:

> Upon a corporation . . . by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the appellant.

Rule 4(d)(7), SCRCP, concerns statutory service and provides "[s]ervice upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule is also sufficient if the summons and complaint are served in the manner prescribed by statute."

According to a certificate from the South Carolina Secretary of State, "NATIONAL HEALTHCARE CORPORATION"[2] is a South Carolina corporation which was incorporated on April 21, 1986. The registered agent is Betty Finley and registered address is "c/o 1501 East Greenville, Anderson

---

[2] The Court notes the dissimilarity of names relating to the appellant and "NATIONAL HEALTHCARE CORPORATION," however, no one argues this point on appeal. We assume the appellant and "NATIONAL HEALTHCARE CORPORATION" are one and the same or are so closely connected and related that a judgement against one would bind the other. *See Kincaid v. Landing Development Corp.*, 289 S.C. 89, 344 S.E. (2d) 869 (Ct. App. 1986)

SC." The respondent attempted to serve the registered agent of the appellant at the address designated by the company to the Secretary of State, but the registered agent had retired. Apparently, National Health Care had not notified the Secretary of State of this circumstance and had not changed its registered agent as provided by S.C. Code Ann. § 33-5-102 (Rev. 1990).

Even though we agree with the conclusion of the trial judge that the respondent should not be penalized for the appellant's failure to update its records with the Secretary of State, the case of *Kreke v. Ohio Gear-Wallace Murray Corp.*, 287 S.C. 388, 339 S.E. (2d) 115 (1986), is controlling. *Kreke* states.

> The only issue on appeal is whether service was improper because it was not made upon the registered agent.
> S.C. Code Ann. § 15-9-240(a) (Supp. 1984) provides for service of process on the registered agent of a foreign corporation. Subsection (b) allows service on the Secretary of State only if the foreign corporation has no registered agent as required by § 33-5-40 (Supp. 1984), or if the registered agent cannot be found at the registered office, or if the corporation's certificate of authority has been suspended or revoked. Because none of these circumstances exists here, service should have been made upon the registered agent.[1] (Footnote in original.)

> ---
> [1] We express no opinion whether Rule 4(d)(3), SCRCP, would change the result in a similar case.

*Kreke*, 287 S.C. at 389, 339 S.E. (2d) at 115-116.

The footnote in *Kreke* is edifying. We visit this trial record within the aegis and ambit of Rule 4(d)(3), SCRCP. The rule provides "[s]ervice shall be made ... upon a corporation ... by delivering a copy of the summons and complaint to ... a managing ... agent. . . ." *See Renney v. Dobbs House, Inc.*, 275 S.C. 562, 274 S.E. (2d) 290 (1981) (service on an agent is sufficient even though corporation has a registered agent).

Thus, the issue posited is whether Carol Grant is a "managing agent" under the rule. Carol Grant is the office manager of

---

(trial court held that evidence revealed "an amalgamation of corporate rate interests, entities, and activities so as to blur the legal distinction between the corporations and their activities").

the appellant. Further, she assured the process server that she was duly authorized to accept service of process.

No case has been found in South Carolina defining "managing agent" under Rule 4(d)(3), SCRCP; however, we come to the ineluctable conclusion Carol Grant is the managing agent of the appellant. Concomitantly, the appellant was properly served when the summons and complaint was delivered to her as the managing agent of the appellant.

In 1988, the South Carolina legislature repealed the 1981 South Carolina Business Corporation Act and enacted the South Carolina Business Corporation Act of 1988. S.C. Code Ann. § 33-1-101 (Rev. 1990).

The *South Carolina Reporters' Comments* to S.C. Code Ann § 33-15-110 (Rev. 1990), elucidates with clarity that service of process on foreign corporation is permitted in a bifurcated fashion:

> In addition the Model Act and Section 15-9-240 provide that either the procedure in South Carolina Civil Procedure Rule 4(d)(3) (serving an officer) or that contained in Section 15-9-240 (serving the agent) is proper.
>
> The new language clearly reverses the result of *Kreke v. Ohio Gear-Wallace Murray Corporation*, 287 S.C. 388, 339 S.E. (2d) 115 (1986). In that case, the court held that service on both a key employee of a foreign corporation and the Secretary of State was invalid where the foreign company properly had designated C.T. Corporation as its South Carolina agent for service of process. Although the court overlooked the then existing statutory language which stated that "nothing herein contained shall limit or affect the right to serve any process, . . . in any other manner now or hereafter permitted by law," and although in footnote #1 the court stated: "we express no opinion whether Rule 4(d)(3) SCRCP, would change the result in a similar case," the new language of subsection (d) clearly states that the service method in *Kreke* (or under Rule 4(d)(3)) is now valid. This is in keeping with the court's earlier opinion, *Renney v. Doobs* [sic] *House, Inc.*, 275 S.C. 562, 274 S.E. (2d) 290 (1981) (one can serve any "authorized agent" even though the company has a specific "statutory agent").

S.C. Code Ann. § 33-15-110 *South Carolina Reporters' Comments* (Rev. 1990).

## II.

With respect to the damages award, the company argues the court erred in awarding damages to Schenk because she "failed to establish causally related damages by a preponderance of the evidence." The company also argues the court failed to set off Schenk's unemployment benefits in computing the award.

National Health Care argues Schenk failed to establish her damages because she failed to prove the filing of a workers' compensation claim was a determinative factor in her discharge. However, by defaulting, the company conceded liability, if not necessarily the amount of the liability. *Howard v. Holiday Inns, Inc.*, 271 S.C. 238, 246 S.E. (2d) 880 (1978). As to the setoff argument, the circuit court concluded any unemployment benefits received by Schenk are funds from a collateral source and National Health Care was not entitled to a setoff. We agree with the circuit court's conclusion. The court recently held the collateral source rule applies to unemployment benefits. *Dixon v. Besco Eng'g, Inc.*, — S.C. —, 463 S.E. (2d) 636 (Ct App. 1995).

The decision of the court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.