567 S.E.2d 527

**Alice Mae PILGRIM, Respondent,**

v.

**Yvonne Wardlaw MILLER, Appellant.**

**No. 3520.**

Court of Appeals of South Carolina.

Heard May 8, 2002.

Decided June 17, 2002.

Rehearing Denied Aug. 22, 2002.

638

Robert E. Davis, of The Ward Law Firm, of Spartanburg, for appellant.

Andrew N. Poliakoff, of Spartanburg, for respondent.

GOOLSBY, Judge:

Alice Mae Pilgrim sued Yvonne Wardlaw Miller to recover for injuries she allegedly sustained in an automobile accident. Miller defaulted and, after a damages hearing, Pilgrim was awarded a judgment of $50,000. Miller appeals the trial court's denial of her motion to set aside the default. We affirm.

## FACTS

This action arises out of an automobile accident that occurred on April 11, 1997. Pilgrim was stopped at a red light when the YMCA van she was driving was rear-ended by Miller. Pilgrim served a summons and complaint on Miller almost three years later on March 24, 2000. The next day, Miller took the suit papers to an attorney, who instructed her to take them to her insurance company. Miller promptly delivered the summons and complaint to an agent for Allstate Insurance Company.

Allstate failed to timely file an answer on behalf of Miller, and Pilgrim obtained an entry of default on May 17, 2000. Miller moved for relief from the default pursuant to Rule 55(c), SCRCP. Pilgrim opposed the motion on the basis that it stated no grounds in support of the request and "good cause" did not exist to set aside the entry of default. Pilgrim asserted her attorney had been in "continuous contact" with Allstate adjusters since the day after the accident and they had been fully apprised of the pending claim for almost three years.

At the hearing to set aside the entry of default, Miller's counsel advised the court that Miller would admit liability, but contested the extent of damages that Pilgrim allegedly suffered as a proximate result of the accident.

The trial court denied Miller's motion to lift the entry of default. The court stated, "No specific reason was offered for

the lack of response to the Summons and Complaint" and "[i]t is the finding of this Court that the Court has been presented with no reason to set aside this Default."[1]

The matter proceeded to a hearing on damages, after which the trial court awarded Pilgrim actual damages of $50,000. The court denied Miller's motion to set aside the default judgment under Rule 60(b)(1), SCRCP or, alternatively, to grant her a new trial, finding there had been no showing of excusable neglect.

## LAW/ANALYSIS

### I. Default

Miller first contends the trial court erred by not finding "good cause" existed to lift the entry of default where she gave the summons and complaint to Allstate, which did not file a timely answer. We disagree.

Rule 55(c), SCRCP provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In deciding whether good cause exists, the trial court should consider the following factors: (1) the timing of the defendant's motion for relief, (2) whether the defendant has a meritorious defense, and (3) the degree of prejudice to the plaintiff if relief is granted.[2]

"The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court."[3] "An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support."[4] "The issue before this

---

1. The grant or denial of a Rule 55(c) motion is not directly appealable. *Jefferson v. Gene's Used Cars, Inc.*, 295 S.C. 317, 368 S.E.2d 456 (1988).

2. *Wham v. Shearson Lehman Bros.*, 298 S.C. 462, 465, 381 S.E.2d 499, 502 (Ct.App.1989); *see also Top Value Homes, Inc. v. Harden*, 319 S.C. 302, 460 S.E.2d 427 (Ct.App.1995).

3. *Wham*, 298 S.C. at 465, 381 S.E.2d at 501.

4. *Id.*

Court, therefore, is not whether we believe good cause existed to set aside the default, but rather, whether the [trial judge's] determination is supportable by the evidence and not controlled by an error of law." [5]

At the hearing on Miller's motion to lift the entry of default, Miller testified she turned the summons and complaint over to her attorney the day after she received them, and upon her attorney's instruction, took the suit papers to Allstate. Miller testified her agent, Ken Kirkland, told her Allstate would "handle it from there."

Miller did not offer any testimony from Allstate representatives at the hearing; however, Miller's attorney advised the trial judge:

> Your Honor, *I've got no excuse and I'm not trying to make an excuse for what happened. The ball was dropped by Allstate at some point.* Whether it was the adjuster that didn't do something when they received the complaint or whether it was the agent who didn't send it to the adjuster, *I have no idea* and I have no way of telling *because no one knows.*

[Emphasis added.]

Counsel for Pilgrim submitted seventeen exhibits detailing the fact that Pilgrim had been in "constant contact" with Allstate for the nearly three years that elapsed before this action was filed.

The trial court noted during the hearing that, "[i]f the complaint was taken to Allstate Insurance Company, they had an obligation to defend. They had an obligation to act diligently, they had an obligation to take up this matter. The default is on their side . . . ." In its order denying Miller's motion to set aside the entry of default, the court observed that, although Miller had turned the pleadings over to Allstate, "[n]o specific reason was offered for the lack of response to the Summons and Complaint."

The dispositive issue here is whether the trial court abused its discretion in refusing to set aside the entry of default. We hold it did not. As noted by the trial court, Allstate undertook the defense of this case on Miller's behalf and was responsible

---

**5.** *Williams v. Vanvolkenburg,* 312 S.C. 373, 375, 440 S.E.2d 408, 409 (Ct.App.1994).

for answering the complaint and presenting any and all available defenses to the claim.

"The courts of this state have consistently held that the negligence of an attorney or insurance company is imputable to a defaulting litigant."[6] In this case, Allstate's failure to answer the complaint is imputed to Miller.[7] Accordingly, because no explanation was offered for Allstate's failure to respond to the complaint, we find no abuse of discretion here and affirm the trial court's refusal to set aside the default.[8]

## II. Damages Hearing

Miller next contends the trial court committed reversible error "by refusing to strike medical bills" that she alleges Pilgrim's doctors did not relate to the April 11, 1997 accident. Miller argues the bills occurred after Pilgrim was involved in a second automobile accident in March 1998, and the last date for which Pilgrim sought treatment for injuries caused by the 1997 accident was on July 16, 1997. Consequently, all bills after that date should have been "struck." We disagree.

"The admission or exclusion of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal."[9] "Proof that an error

---

6. *Roberts v. Peterson*, 292 S.C. 149, 151, 355 S.E.2d 280, 281 (Ct.App. 1987).

7. *See id.* (noting, in a case involving the failure of a school official to answer a complaint on behalf of a school employee, that "the negligence in the failure to act was more excusable, we think, than the cases involving attorneys or insurance companies"); *see also Williams*, 312 S.C. at 375, 440 S.E.2d at 409 (affirming the master's refusal to set aside an entry of default in a mechanic's lien case and finding the defendants/owners were chargeable with their attorney's failure to answer the complaint, the court stating whether the defendants or their attorney committed the act of negligence was not critical to the determination).

8. *Cf. Ledford v. Pa. Life Ins. Co.*, 267 S.C. 671, 230 S.E.2d 900 (1976) (holding, on appeal of an order vacating a default judgment, that an insurance company attorney's failure to answer the complaint was not such mistake or excusable neglect as to warrant vacation of the default judgment).

9. *Gamble v. Int'l Paper Realty Corp.*, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).

caused the appellant prejudice is a prerequisite to reversal based on error where the trial court's discretion is involved." [10]

We find no clear abuse of discretion by the trial court. Pilgrim testified that, from the date of the first accident in April 1997 until the second accident in March 1998, the medical problems she was experiencing with her neck and left shoulder never cleared up and she missed eight or nine weeks of work. Pilgrim had experienced no neck or shoulder problems prior to the first accident. Pilgrim maintained the second accident involved only a slight "tap" from behind by another vehicle, which resulted in no bodily injury and approximately $200 in property damage. Pilgrim submitted a chart listing total medical bills of $9,452.10, but did not seek recovery for two bills of $150 and $55 out of that total. There was also testimony from at least one of the doctors who treated Pilgrim that she was still having pain in her back and shoulder after July 1997.

Miller cross-examined Pilgrim about her injuries and the relevancy of her medical bills. In addition, Miller extensively questioned her doctors regarding their treatment as well as perceived flaws in the evidence. The question of whether the medical bills were, in fact, sufficiently related to the injuries Pilgrim allegedly sustained in the April 11, 1997 motor vehicle accident was for the fact finder to consider in determining the amount of recoverable damages. Under these circumstances, Miller's arguments go to the weight and credibility of the evidence, rather than its admissibility.[11] Accordingly, we find no reversible error in this regard.

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

---

**10.** *Carlyle v. Tuomey Hosp.*, 305 S.C. 187, 192, 407 S.E.2d 630, 633 (1991).

**11.** *Cf. Pearson v. Bridges*, 344 S.C. 366, 373, 544 S.E.2d 617, 620 (2001) ("Whether Pearson proved the [medical] expenses were 'reasonably certain' to occur so she would be entitled to an award of future damages was a question for the jury to determine."); *Bailey v. MacDougall*, 251 S.C. 290, 297–98, 162 S.E.2d 177, 180 (1968) (finding the sufficiency of medical evidence affected the weight, but not the competence or admissibility of the evidence, as "[t]he weight and credibility of all the evidence were for the lower court and we are satisfied that the

findings of the lower court are supported by competent and legally sufficient evidence'').