THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Eartha M. Geiger, Appellant,
v.
M. Stewart Funderburk and Orangeburg Surgical Associates, P.A., Defendants, Of whom Orangeburg Surgical Associates, P.A. is the
Respondent,
 
 
 

Appeal From Orangeburg County
 Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2006-UP-287
Heard May 9, 2006  Filed June 20, 2006

REVERSED AND REMANDED

 
 
 
Charles L. Henshaw, Jr. and Charles J. Bridgmon, both of Columbia, for Appellant.
Andrew F. Lindemann, of Columbia and Marian W. Scalise, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Eartha Geiger appeals the circuit courts decision to grant Orangeburg Surgical Associates motion to dismiss or in the alternative to quash service of process.  We reverse.    
FACTS
On February 25, 1999, Geiger underwent a procedure to have her gallbladder removed by Dr. M. Stewart Funderburk of Orangeburg Surgical Associates, P.A.  Thereafter, Geiger commenced this action against Dr. Funderburk and Orangeburg Surgical, alleging Dr. Funderburk, as an agent or employee of Orangeburg Surgical, committed medical malpractice during the procedure to remove her gallbladder. 
Geiger filed her complaint with the clerk of court and enlisted Sylvander Blue, a private investigator and process server, to serve her summons and complaint on Dr. Funderburk and Orangeburg Surgical. Blue visited the address Orangeburg Surgical had filed with the Secretary of State as its registered office, and spoke with a secretary regarding service of the papers.  Blue informed the secretary that he needed to see Dr. Funderburk and Dr. Randolph Smoak.  Dr. Smoak was the individual listed on file with the Secretary of State as the registered agent for the corporation.  Dr. Smoak had ceased his employment with Orangeburg Surgical sometime prior to May of 2000, but his name remained on file as registered agent for the corporation.[1]  When the secretary informed Blue that neither of these men was present, Blue asked to speak with the office manager. 
Blue was led to the office of Elizabeth Arant, who described herself as the practice manager.  Blue informed Arant that he had papers for Dr. Smoak and Dr. Funderburk to sign and that the matter was urgent.  Arant signed for Dr. Funderburk as the business office manager, but she refused to sign for Dr. Smoak, as registered agent for Orangeburg Surgical, because he was not employed by the practice.  Moreover, Dr. Babb, president of Orangeburg Surgical, was present during the time Arant spoke with Blue regarding service and specifically instructed her not to sign anything for Dr. Smoak.  Arant also stated that Dr. Babb refused to sign anything himself.  
Thereafter, Dr. Funderburk and Orangeburg Surgical filed answers to Geigers complaint, and they moved jointly to dismiss or in the alternative to quash service of process, alleging service of process on them was not effected according to applicable statutes and rules.  On March 31, 2003, the circuit court found service of process on Dr. Funderburk to be effective, but found service of process on Dr. Smoak in his capacity as the registered agent for Orangeburg Surgical to be ineffective.  Consequently, the circuit court denied the motion as it pertained to Dr. Funderburk but granted the motion as it pertained to Orangeburg Surgical and dismissed the corporation from the suit.  No Rule 59(e), SCRCP, motion was filed with the circuit court.  This appeal followed.
STANDARD OF REVIEW
The circuit court determines questions of fact arising on a motion to quash service
of process for lack of jurisdiction over the defendant.  Brown v. Carolina Emergency Physicians, P.A., 348 S.C. 569, 583, 560 S.E.2d 624, 631 (Ct. App. 2001) (citing Lawson v. Jeter, 243 S.C. 103, 106, 132 S.E.2d 276, 277 (1963)).  The findings of the circuit court on such issues are binding on the appellate court unless wholly unsupported by the evidence or manifestly influenced or controlled by error of law.  Moore v. Simpson, 322 S.C. 518, 524, 473 S.E.2d 64, 67 (Ct. App. 1996).
LAW/ANALYSIS
I.  Service of Process
Initially, Orangeburg Surgical asserts the circuit court never undertook an analysis of whether Arant was a managing agent capable of receiving process on behalf of the corporation, and therefore, this issue is not preserved for appeal.  We disagree. 
Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the circuit court.  Elam v. South Carolina Dept. of Transp., 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004); see also Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  No Rule 59(e) motion is required when a circuit court explicitly ruled on an argument raised.  Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991).  
At the March 31, 2003 hearing, Geiger raised the issue of whether service of process on Arant as a managing agent was effective as service on Orangeburg Surgical.  Geiger stated: 

I think the stronger argument, to be quite honest, is that we effected service over the corporation, and I think that its a stronger argument for two reasons: number one, [Orangeburg Surgical] did not meet their responsibility to have a registered agent in that place of business for purposes of receiving this; and number two, the rule simply states that it needs to be a managing or general agent that has to be served with the process.  And so, the question does become whether or not Ms. Arant filled that role as managing or general agent on that day. 

Additionally, the court, Geiger, and Orangeburg Surgical engaged in a lengthy colloquy pertaining to the case law relevant to Geigers argument that Arant was the managing agent pursuant to Rule 4(d)(3).  Both Geiger and Orangeburg Surgical cited cases to the circuit court to support their respective arguments, and the court questioned the parties on this issue.  It is clear, therefore, that the issue of whether Arant was a managing agent under Rule 4(d)(3), SCRCP, was raised to the circuit court.
In the order, the circuit court explicitly cites Rule 4(d)(3), SCRCP, in its entirety.  Moreover, the court addressed the service issue as to Dr. Funderburk and Orangeburg Surgical separately.  In the section applicable to Orangeburg Surgical, the court made, as a finding of fact, the following conclusion:

In the present case, no officer, managing or general agent, or any other agent authorized by the corporation or by law to receive service of process was served with the summons and complaint.  

Additionally, the court, in rejecting Geigers argument that service on Orangeburg Surgical was perfected when Arant accepted papers on behalf of Dr. Funderburk, found this argument to be contrary to Rule 4(d)(3) and again quoted that rule in its entirety.  While the courts ruling does not specifically find that Arant was not a managing agent under Rule 4(d)(3), the order is sufficiently explicit in its findings of facts and law to constitute a ruling on the managing agent issue as raised by Geiger.[2]  Therefore, we find this issue preserved for our review.      
Turning to the merits, Geiger contends the circuit court erred in finding service was not properly effected on Orangeburg Surgical.  Geiger argues the service of process on a managing agent of the corporation was accomplished when Arant accepted and signed for the summons and complaint on behalf of Dr. Funderburk.  We agree.
 The principal object of service of process is to give notice to the defendant corporation of the proceedings against it.  Burris Chem., Inc. v. Daniel Constr. Co., 251 S.C. 483, 487, 163 S.E.2d 618, 620 (1968).  The South Carolina Supreme Court does not require exact compliance with the rules effecting service of process, but rather inquires whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction over the defendant and the defendant has notice of the proceedings.[3]  Roche v. Young Bros., Inc. of Florence, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995).  
Rule 4(d)(3), SCRCP, delineates the requirements for effecting service of process upon a corporation as follows:

Upon a corporation . . .  by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

(emphasis added).         
The trial court found that service of Arant was not effective service of Orangeburg Surgical because Dr. Smoak was the authorized agent listed at the Secretary of States Office, not Elizabeth Arant.  Use of this rationale to decide the effectiveness of service of process would constitute an error of law because service on a corporations registered agent is not the only means by which service can be properly effected on the corporation.  See Renney v. Dobbs House, Inc., 275 S.C. 562, 565, 274 S.E.2d 290, 291 (1981) (holding that service of process upon an agent other than the registered agent is a proper method of service upon a corporation under South Carolina law).  Rule 4(d)(3), SCRCP, permits service of process on a managing or general agent of the corporation.         
No case has been found in South Carolina defining managing agent under Rule 4(d)(3), SCRCP.  Schenk v. Natl Health Care, Inc., 322 S.C. 316, 320, 471 S.E.2d 736, 738 (Ct. App. 1996), cert. denied (Dec. 5, 1996).  In Schenk, this court found an office manager to be a managing agent under Rule 4(d)(3), and found that service on her in lieu of the retired and hence unavailable registered agent was effective.  Id.  Whether a particular agent is a managing agent of a corporation must depend upon the peculiar facts involved in each case.  71 A.L.R.2d 178 (2006).
Although Arant did not assure the process server that she was authorized to accept service as did the office manager in Schenk, she did accept service for Dr. Funderburk and signed for the summons and complaint as the business office manager.  Moreover, her duties with Orangeburg Surgical are sufficient for her to qualify as the managing agent of the corporation.  Arant managed and supervised the employees of the corporation except for the partners, was involved in the hiring and firing processes, wrote the employee handbook, was a member of several professional management groups, was a certified legal assistant, and stated that she would respond if someone requested to meet with the office manager.  For these reasons, we find Arant to be a managing agent as contemplated by Rule 4(d)(3). Service on Arant was effective service upon Orangeburg Surgical.   
CONCLUSION
Based on the foregoing, the circuit courts order is
 REVERSED AND REMANDED. [4]
HEARN, C.J., and GOOLSBY and ANDERSON, JJ., concur.

[1] From the date that Dr. Smoak left the practice to the date of service in this matter, which was almost two years, Orangeburg Surgical failed to comply with section 33-5-101 of the South Carolina Code (2006) which requires that a corporation continuously maintain a registered agent whose business office is identical with the registered office. 
[2] Orangeburg Surgical argues Geiger conceded this issue was not preserved in her appellate brief.  In Geigers brief, she admits the circuit court never determined whether a business office manager is an officer, a managing or general agent, or another type of agent authorized by appointment or by law to receive service of process.  However, we are not bound by a partys characterization of an issue when the record reflects differently.  See Rim Associates v. Blackwell, 359 S.C. 170, 177-78, 597 S.E.2d 152, 156 (Ct. App. 2004) ([A]n appellate court is not bound by a partys characterization of the actions.); Klippel v. Mid-Carolina Oil, Inc., 303 S.C. 127, 129, 399 S.E.2d 163, 164 (Ct. App. 1990); see also Ariail v. Ariail, 295 S.C. 486, 491, 369 S.E.2d 146, 149 (Ct. App. 1998).
[3] Importantly, it is evident that both Dr. Funderburk and Orangeburg Surgical had notice of the proceedings against them as evidenced by their timely filing of separate answers. 
[4] Because we reverse on this issue, we decline to address Geigers remaining arguments.  See Whiteside v. Cherokee County School Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993) (holding an appellate court need not address remaining issues when the resolution of a prior issue is dispositive).