646 S.E.2d 153

**BAGE, LLC, Respondent,**

v.

**SOUTHEASTERN ROOFING CO. OF SPARTANBURG, INC., a/k/a Southeastern Roofing Company n/k/a Orvis, Inc., Appellant.**

**No. 4240.**

Court of Appeals of South Carolina.

Submitted April 2, 2007.

Decided April 23, 2007.

Rehearing Denied June 28, 2007.

458

460

Robert T. King, of Florence, for Appellant.

Thomas B. Jackson, III, of Columbia, for Respondent.

ANDERSON, J.

Southeastern Roofing appeals the circuit court's order finding the company was properly served by service of process on its employee, Debbie Green, and determining that it failed to show good cause to allow relief from an entry of default under Rule 55(c), SCRCP. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

In August 2003, BAGE, L.L.C. ("BAGE") entered into a written contract with Southeastern Roofing Company of Spartanburg, Inc. ("Southeastern Roofing"). Under the agreement, Southeastern Roofing was to perform re-roofing work on a commercial office building BAGE owned. More specifically, the company was to remove the outer layers of the existing roof system and install of a new, modified bitumen roof on the structure. Southeastern Roofing was to immediately commence the project after the contract was signed and to complete the job within approximately six weeks. Work on the roof, however, did not begin until the end of October 2003 and continued only sporadically through the winter and into the spring of 2004.

From almost the moment Southeastern Roofing started operations on BAGE's building, significant leaks in the roof began to occur. These leaks resulted in interior water infiltration, manifested by falling ceiling tiles, water gushing down interior walls, light fixtures filling with water, and the growth of mold and mildew. BAGE repeatedly contacted Southeastern Roofing, demanding the leaks be stopped. Despite BAGE's requests, the necessary repairs were never made and water continued to infiltrate and further damage the building.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

BAGE ultimately filed suit, claiming breach of contract, breach of express and implied warranties, and negligence.

At the fledgling stages of the litigation, BAGE's counsel spoke with Southeastern Roofing's general manager, Jamie Cubitt, who initially agreed to accept service of process by mail. When Cubitt failed to return the summons and complaint, BAGE sought to serve the company through its registered agent. After discovering that the agent listed with the Secretary of State was no longer affiliated with Southeastern Roofing, BAGE pursued service via a private process server.

On July 9, 2004, the process server arrived at Southeastern Roofing's office with the intendment of serving Cubitt with BAGE's summons and complaint. Cubitt was not in the office at that time, and the server was instead met by Debbie Green, another Southeastern Roofing employee. Green was able to reach Cubitt by telephone. After being informed someone was in the office with papers to serve, Cubitt instructed Green to accept the documents. This communication with Cubitt was relayed to the process server. Green signed for the service of process. An affidavit of service was filed on July 13, 2004.

Upon returning to the office, Cubitt instructed another employee, Cheri Barnette, to send a copy of the summons and complaint to Southeastern Roofing's insurance agency. These documents were faxed to the insurance company on July 13, 2004. No cover letter was included in this facsimile nor was any follow-up with its insurance carrier ever taken by Southeastern Roofing.

Southeastern Roofing never responded to the complaint. BAGE filed an affidavit of default and motion for an entry of default on September 7, 2004. That same day, an entry of default was dated and filed with the court. By a motion filed on September 20, 2004, Southeastern Roofing moved to set aside the order granting the entry of default.

A hearing on the motion to set aside the entry of default was held before the circuit court on December 8, 2004. Southeastern Roofing argued (1) the service of process had been improper and thus deprived the court of personal jurisdiction and (2) "good cause" existed to set aside the entry of default under SCRCP Rule 55(c).

By an order dated April 28, 2005, the judge denied South-eastern Roofing's motion to set aside the entry of default. In regard to service of process, the order specifically found (1) Green was an office manager at Southeastern Roofing for the purposes relevant to service of process and (2) Green had Cubitt's specific authorization to accept service of process. With respect to the Rule 55(c) motion, the judge found South-eastern Roofing had failed to show good cause as to allow relief from the entry of default. Southeastern Roofing timely moved for reconsideration of the order denying its motion to set aside default. This motion was denied.

On April 27, 2006, following a damages hearing before the Richland County master-in-equity, BAGE obtained a default judgment against Southeastern Roofing in the amount of $1,151,888.84. This judgment was properly filed with the court on May 3, 2006.

## STANDARD OF REVIEW

■ "Questions of fact arising on a motion to quash service of process for lack of jurisdiction over the defendant are to be determined by the court." *Brown v. Carolina Emergency Physicians, P.A.*, 348 S.C. 569, 583, 560 S.E.2d 624, 631 (Ct.App.2001); *accord Lawson v. Jeter*, 243 S.C. 103, 106, 132 S.E.2d 276, 277 (1963); *Moore v. Simpson*, 322 S.C. 518, 524, 473 S.E.2d 64, 67 (Ct.App.1996). The findings of the circuit court on such issues are binding on this court, unless wholly unsupported by the evidence or manifestly influenced or con-trolled by error of law. *Id.*

■ "The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court." *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct.App.1989) (citing *Ricks v. Weinrauch*, 293 S.C. 372, 360 S.E.2d 535 (Ct.App.1987)); *accord In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct.App.1997). "This court cannot substitute its judgment for that of the trial judge and will not disturb the trial court's decision absent a clear showing of abuse of discretion." *Ricks*, 293 S.C. at 374, 360 S.E.2d at 536; *Ammons v. Hood*, 288 S.C. 278, 279, 341 S.E.2d 816, 818 (Ct.App.1986). In reviewing a trial judge's exercise of discretion, the issue before an appel-

late court is not whether it believes good cause existed to set aside the entry of default, but whether the trial judge's determination is supported by the evidence and not controlled by an error of law. *Pilgrim v. Miller,* 350 S.C. 637, 640–41, 567 S.E.2d 527, 528 (Ct.App.2002).

## *LAW/ANALYSIS*

### I. Service of Process

Southeastern Roofing argues the delivery of process to Green was insufficient as a matter of law. We disagree.

Rule 4(d), SCRCP addresses service of process and states: **Summons: Personal Service.** The summons and complaint must be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Voluntary appearance by defendant is equivalent to personal service; and written notice of appearance by a party or his attorney shall be effective upon mailing, or may be served as provided in this rule. Service shall be made as follows:

. . .

(3) *Corporations and Partnerships . . . .*

 The rule provides service of the summons and complaint may be made upon a corporation by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Rule 4(d)(3), SCRCP. Service on a managing or general agent is sufficient even though the corporation has a registered agent. *Renney v. Dobbs House, Inc.,* 275 S.C. 562, 274 S.E.2d 290 (1981).

The rule permits service on two types of agents: an agent authorized by appointment and an agent authorized by law. Evidence of an actual appointment by the defendant for the specific purpose of receiving service is normally required to show the authority of the agent. The courts look at the circumstances to find express or implied authority to accept the service. Agency for accepting process is not necessarily established by the act of accepting the process, statements by the person served, or the existence of another agency relationship.

James F. Flanagan, *South Carolina Civil Procedure* 20 (2nd ed.1996).

 Our supreme court has enunciated:

Service on a corporation may be made by hand delivering a copy of the summons and complaint to an officer of the corporation or to an authorized agent of the corporation. Rule 4(d)(3), SCRCP. The rule "presupposes that an officer of the corporation will know what to do with the papers served and will see that the corporation takes steps to defend the action." 62B Am.Jur.2d, *Process* § 268 (1990). Once papers have been served on an officer of the corporation, the corporation then has actual notice of the action. *Pioneer Util. Corp. v. Scott–Newcomb, Inc.*, 26 F.Supp. 616 (E.D.N.Y.1939).

*Roche v. Young Bros., Inc. of Florence*, 318 S.C. 207, 210, 456 S.E.2d 897, 899–900 (1995). "Rule 4, SCRCP serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action." *Roche*, 318 S.C. at 209, 456 S.E.2d at 899; *Moore*, 322 S.C. at 523, 473 S.E.2d at 66.

 "The plaintiff has the burden to establish that the court has personal jurisdiction over the defendant." *Moore*, 322 S.C. at 523, 473 S.E.2d at 66 (citing *Jensen v. Doe*, 292 S.C. 592, 358 S.E.2d 148 (Ct.App.1987)). However, exacting compliance with the rules is not required to effect service of process. *Roche*, 318 S.C. at 209–10, 456 S.E.2d at 899 (citing *Foster v. Crawford*, 57 S.C. 551, 36 S.E. 5 (1900) (when officer's return defective as to time and place of service, it can be amended to state facts); *Saunders v. Bobo*, 2 Bailey 492 (1831) (sheriff's incomplete return that was not sworn to may be amended); *Miller v. Hall*, 28 S.C.L. 1, 1 Speers 1 (1842)); *Moore*, 322 S.C. at 523, 473 S.E.2d at 66. Rather, inquiry must only be made as to whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction over the defendant and the defendant has notice of the proceedings. *Moore*, 322 S.C. at 523, 473 S.E.2d at 66; *Roche*, 318 S.C. at 210, 456 S.E.2d at 899. "When the civil rules on service are followed, there is a presumption of proper service." *Roche*, 318 S.C. at 211, 456 S.E.2d at 900 (citing 62B Am.Jur.2d *Process* § 111 (1990)). The defendant, not the

plaintiff, bears the burden of proving that the service of process was signed by an unauthorized person. *See Roche,* 318 S.C. at 211, 456 S.E.2d at 900 (stating that when service of process is accomplished by certified mail under Rule 4(d)(8), "the defendant, not the plaintiff, must prove the receipt was signed by an unauthorized person.").

Not every employee of a corporation is an "agent" of the corporation for the purposes of service of process. *Brown v. Carolina Emergency Physicians, P.A.,* 348 S.C. 569, 583–84, 560 S.E.2d 624, 631–32 (Ct.App.2001). If the employee in question is not a managing or general agent, the question is whether the individual possessed "specific authorization to receive process." *Id.* This court has inculcated:

> Actual appointment for the specific purpose of receiving process normally is expected and the mere fact a person may be considered to act as defendant's agent for some purpose does not necessarily mean that the person has authority to receive process. The courts must look to the circumstances surrounding the relationship and find authority which is either express or implied from the type of relationship between the defendant and the alleged agent. Claims by one to possess authority to receive process or actual acceptance of process by an alleged agent will not necessarily bind the defendant. Rather, there must be evidence the defendant intended to confer such authority.

*Moore,* 322 S.C. at 523, 473 S.E.2d at 67 (internal citations omitted); *accord Hamilton v. Davis,* 300 S.C. 411, 414, 389 S.E.2d 297, 299 (Ct.App.1990).

This court addressed a factually similar issue in *Schenk v. National Health Care, Inc.,* 322 S.C. 316, 471 S.E.2d 736 (Ct.App.1996). In *Schenk,* the plaintiff attempted to serve process on the defendant's registered agent by means of a private process server. When the server took the summons and complaint to the address recorded with the secretary of state, an individual different from the one on file, Carol Grant, informed him the listed agent was no longer there and had retired from the company. Grant signed for the papers, assuring the server that she was duly authorized to accept service as the office manager. She assured him that she would pass the documents along to the company's corporate

headquarters. The defendant never answered the complaint and an entry of default ensued. A motion to set aside default for improper service was denied by the circuit court. On appeal, this court found service of process had been effective and affirmed the circuit court. Noting Grant was the defendant's office manager and that she assured the process server of her authorization to accept service of process, we concluded she was a managing agent for the defendant under Rule 4(d)(3), SCRCP. *Id.* 322 S.C. at 319–20, 471 S.E.2d at 738.

 Although, "[w]ithout specific authorization to receive process, service is not effective when made upon an employee of the defendant, such as a secretary," *Brown,* 348 S.C. at 584, 560 S.E.2d at 632 (citing *Moore,* 322 S.C. at 523–24, 473 S.E.2d at 67), Green indubitably served in a much greater capacity at Southeastern Roofing than simply that of a secretary. The testimony given by Green during her deposition clearly refutes the contents of her prior affidavit submitted by Southeastern Roofing and its assertion that she was only a "secretary/receptionist." During Green's deposition, the following colloquy took place:

Q. If Joanie Burnett is not there and you're there, then accordingly wouldn't you then be in charge of the office?

A. Yes, Sir.

Q. And on this particular day, you were there and you were in charge of the office?

A. Correct.

Additionally, Green indicates it was common practice for her to sign for the receipt of documents:

Q. Was it normal for you to sign for mail for Southeastern?

A. Normally it is. I mean as far as, you know, signing for certified mail. Yeah, we usually sign for certified mail.

The deposition demonstrates Green's specific authorization to accept the service of process:

Q. . . . Did you tell Mr. Cubitt that the person that was there had a summons and complaint for Mr. Cubitt?

A. Yes, Sir. I just told him that he had some—the server had some papers from him for some—for him to sign for.

. . . .

Q. Did Mr. Cubitt indicate to you it was ok if you—

A. Yeah.

Q. —Accepted the papers?

A. Mm–Hmm (Affirmative Response).

In his order denying the motion to set aside the entry of default, the circuit judge found:

1. As indicated in Ms. Green's deposition, the office management responsibilities pertaining to Defendant's office are shared by the administrative personnel in the office and Ms. Green manages the office and is in charge if no one else is there. On July 9, 2004, Ms. Green was in charge of managing the office of Defendant when the subject process server arrived for the purpose of serving the Summons and Complaint in this case.

2. According to Ms. Green, and while the process server was at the office, she either called Mr. Jamie Cubitt or Mr. Cubitt called her and, after informing Mr. Cubitt that someone was there with papers to be served, she was authorized by Mr. Cubitt to accept the subject documents, such being told to the process server as acknowledged by Ms. Green in her deposition and also referenced in the process server's Affidavit of Service which has been filed in this case.

3. After examination by counsel for Plaintiff in her deposition, and on further examination by counsel for Defendant, Ms. Green reconfirmed her conversation with Mr. Jamie Cubitt about being "okayed" to "receive whatever it was that the server was there to give you."

Although there is no case in South Carolina specifically defining "managing agent" or "agent authorized by appointment" under Rule 4(d)(3), SCRCP, *Schenk* confirms that an office manager of the corporate defendant involved can be deemed a "managing agent" under the rule. Additionally, the facts of the case prove that Green had Cubitt's authorization to sign for the summons and complaint. Although Southeast-

ern Roofing argues contrarily, the evidence inexplicably supports the circuit judge's finding that service on Southeastern Roofing was proper under Rule 4(d)(3), SCRCP.

Furthermore, we would note the efficacy and rationale behind the requirement for service of process—that the defendant has notice of the proceedings—has luculently been met in this case. *See Roche,* 318 S.C. at 210, 456 S.E.2d at 899 ("Rule 4, SCRCP serves at least two purposes. It confers personal jurisdiction on the court and assures the defendant of reasonable notice of the action."); *Moore,* 322 S.C. at 523, 473 S.E.2d at 66 ("Rather, inquiry must only be made as to whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings."). The history and dealings between the parties through July 9, 2004 reveal that BAGE's counsel spoke with Cubitt in regard to this suit and that BAGE attempted to serve process through the postal service. Accordingly, it seems disingenuous for Southeastern Roofing to claim Cubitt, in his conversation with Green, was unaware the papers being served by the process server were the summons and complaint at issue. Moreover, Southeastern Roofing's manager readily admits to having knowledge of the summons and complaint long before the deadline to answer passed. In his affidavit, Cubitt states: "[O]n or about July 10, 2004, I was notified that a Summons and Complaint concerning this case was left at SE Roofing's place of business the prior day."

## II. Entry of Default

Southeastern Roofing argues the court erred in not setting aside the entry of default as provided under Rule 55(c), SCRCP. We disagree.

 South Carolina Rules of Civil Procedure provide: "For good cause shown the court may set aside an entry of default. . . ." Rule 55(c), SCRCP. Thus, under the rule, the standard for granting relief from an entry of default is "good cause," *Wham v. Shearson Lehman Bros., Inc.,* 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct.App.1989), and is more lenient than the standard for granting relief from a default judgment under Rule 60(b) SCRCP. *Ricks v. Weinrauch,* 293 S.C. 372,

374, 360 S.E.2d 535, 536 (Ct.App.1987) (citing H. Lightsey, J. Flanagan, *South Carolina Civil Procedure*, 82 (2nd Ed.1985)).

█ Public policy favors the disposition of cases "on their merits rather than on technicalities." *Mictronics, Inc. v. South Carolina Department of Revenue*, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct.App.2001) citing *Columbia Pools, Inc. v. Galvin*, 288 S.C. 59, 339 S.E.2d 524 (Ct.App.1986). Rule 55(c) should be "liberally construed to promote justice and dispose of cases on the merits." *Dixon v. Besco Eng'g*, 320 S.C. 174, 178, 463 S.E.2d 636, 638 (Ct.App.1995); *Ricks*, 293 S.C. at 374–75, 360 S.E.2d at 536; *see also Mann v. Walker*, 285 S.C. 194, 328 S.E.2d 659 (Ct.App.1985) (holding under the earlier statutory provisions for default judgment pursuant to section 15–27–130 of the 1976 Code of Laws of South Carolina, the rules dealing with default are liberally construed to see that justice is promoted and to strive for the disposition of cases on their merits).

█ The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. *Wham*, 298 S.C. at 465, 381 S.E.2d at 501. An abuse of discretion in setting aside an entry of default arises when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support. *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct.App.1997); *Boland v. S.C. Public Service Authority*, 281 S.C. 293, 315 S.E.2d 143 (Ct.App.1984). An order based on this discretion will not be set aside absent an error of law or lack of evidentiary support. *Wham*, 298 S.C. at 465, 381 S.E.2d at 501; *Stanton v. Town of Pawley's Island*, 309 S.C. 126, 420 S.E.2d 502 (1992) (stating the appellate court will not disturb a discretionary ruling unless the ruling is without evidentiary support or is controlled by an error of law); *Ricks*, 293 S.C. 372, 360 S.E.2d 535 (Ct.App.1987) (holding abuse of discretion in setting aside an entry of default occurs when order was controlled by some error of law or, based upon factual—as distinguished from legal conclusions—was without evidentiary support). *Williams v. Vanvolkenburg* makes clear the appellate court reviews an evidentiary record under the "good cause" standard by determining whether the trial

judge's determination is supportable by the evidence and not controlled by an error of law. 312 S.C. 373, 440 S.E.2d 408 (Ct.App.1994).

The seminal case articulating the application of "good cause" under Rule 55(c) to a factual scenario is *Wham v. Shearson Lehman Brothers, Inc.,* 298 S.C. 462, 381 S.E.2d 499 (Ct.App.1989). *Wham* provides:

> Under S.C.R.Civ.P. 55(c), as under F.R.CIV.P. 55(c), the standard for granting relief from an entry of default is "good cause." The decision of whether to grant relief from an entry of default is solely within the sound discretion of the trial court. An order based on an exercise of that discretion, however, will be set aside if it is controlled by some error of law or lacks evidentiary support.
>
> . . .
>
> In deciding the question of whether to grant the motion by [the defendant] for relief from the entry of default, the master did not employ the "good cause" standard. Instead, the master erroneously applied the more rigorous standard of "excusable neglect," a standard used under Rule 60(b). He did this even though he recognized the "good cause" standard was applicable.

*Id.* at 465, 381 S.E.2d at 501 (citations omitted).

A "good cause" analysis under Rule 55(c) ordinarily is made by the trial judge. In deciding whether to set aside an entry of default, the factors the judge should consider are: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted. *Wham,* 298 S.C. at 465, 381 S.E.2d at 501–02; *Weeks,* 329 S.C. at 259, 495 S.E.2d at 459. However, it is not necessary for the trial judge to make specific findings in regard to the factors enumerated in *Wham.* This court has held, "[t]he trial judge will not be reversed for failing to make specific findings of fact on the record for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause." *Dixon,* 320 S.C. at 179, 463 S.E.2d at 639.

In this case, over two months elapsed between the time Southeastern Roofing was served with the summons and

complaint and when it moved for relief. Although the summons and complaint were allegedly sent to Southeastern Roofing's insurance agent, any negligence by the insurance agent in handling these documents is imputable to Southeastern Roofing. *Pilgrim v. Miller,* 350 S.C. 637, 567 S.E.2d 527 (Ct.App.2002). Pursuant to the findings of the circuit court, Southeastern Roofing mishandled the service of process of this lawsuit:

It is apparent from the Affidavits filed on behalf of the Defendant that Defendant simply failed to give this matter the proper attention which needed to be given when an entity is served with a Summons and Complaint. There is no indication that there was even a cover letter or other follow up by any representatives of Defendant with its insurance agent after the Summons and Complaint were allegedly faxed to such agent. . . . Defendant's failure to properly respond to the Summons and Complaint in this case resulted from its failure to take proper action in order to assure that a response was timely filed in regard to Plaintiff's Summons and Complaint.

Based on the alleged defective workmanship of Southeastern Roofing, the circuit court did not believe Southeastern Roofing had a meritorious defense. The circuit judge stated:

[T]he Defendant does not otherwise have a meritorious defense to the Complaint based on the alleged poor roofing workmanship of Defendant which has apparently caused Plaintiff to sustain continuing damage to the building involved in this case due to water infiltration . . .

In support of its motion to set aside the order of default, Southeastern Roofing filed several affidavits. The court specifically addressed two of these affidavits in its order:

As to the Affidavit of Cheri Barnette submitted on behalf of Defendant, Ms. Barnette clearly confirms that Mr. James Cubitt did timely receive the Summons and Complaint which was served in this case and that instructed Ms. Barnette to send the Summons and Complaint to Defendant's insurance agent, all of which was apparently without any transmittal or follow up by Defendant.

As to the Affidavit of James Cubitt submitted on behalf of Defendant, Mr. Cubitt confirms (1) that he did receive the

Summons and Complaint in a timely fashion, and (2) that he did instruct Cheri Barnette to fax a copy of the Summons and Complaint to Defendant's insurance agent (i.e. all of which was apparently done according to Ms. Barnette in her Affidavit) and that it was Mr. James Cubitt's understanding that the insurance agent would contact Defendant concerning the Summons and Complaint. Apparently, there was no follow up by Defendant.

The circuit court found the evidence did not show the existence of good cause as to allow Southeastern Roofing relief from the entry of default. In making this determination, the circuit judge relied upon *Stark Truss Co. v. Superior Construction Corp.*, 360 S.C. 503, 602 S.E.2d 99 (Ct.App.2004). In *Stark*, the circuit court refused to relieve the defendants from an entry of default, finding they had failed to present sufficient proof of good cause under Rule 55(c), SCRCP. The Court of Appeals affirmed. Noting the defendant's only explanation for not filing an answer within thirty days was that the company's president was "struggling with some depression and had a lot things slip through his fingers" and gave no reason why its attorney failed to file an answer, this court found "there was evidence to support the circuit court's refusal to set aside the entry of default." *Id.*, 360 S.C. at 510, 602 S.E.2d at 103.

■ As determined by the circuit judge, Southeastern Roofing's failure to properly respond to the summons and complaint resulted from its failure to take proper actions in order to assure a response was timely filed. The company offers no good or valid explanation as to why it failed to respond. There is no indication that there was any follow-up by the employees of Southeastern Roofing with its insurance agent after the summons and complaint were allegedly faxed to the agent. It is axiomatic that Southeastern Roofing simply did not give this matter the proper attention it required.

## CONCLUSION

We come to the ineluctable conclusion Green qualifies as both a managing and authorized agent of the appellant. Concomitantly, the appellant was properly served when the sum-

mons and complaint were delivered to Green as an agent of the appellant. There is copious evidence in the record to support the circuit judge's finding that appellant did not prove the existence of good cause to allow the court to set aside the entry of default. We hold there was no abuse of discretion by the trial judge in refusing to grant the appellant relief under SCRCP, Rule 55(c).

Accordingly, the decision of the circuit court is

**AFFIRMED.**

KITTREDGE and SHORT, JJ., concur.