THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Diane Shannon, Respondent,
 v.
 James McGee,
 Robert C. Hood, Sr., as Personal Representative of the Estate of Betty Hood
 and Robert C. Hood, Sr., d/b/a Hoods Used Cars, Defendants, of whom Robert
 C. Hood, Sr., d/b/a Hoods Used Cars is the Appellant.
 
 
 

Appeal From Marion County
Gerald M. Angelo, Special Referee 
Unpublished Opinion No. 2007-UP-543
Submitted October 10, 2007  Filed
 November 30, 2007
REVERSED 

 
 
 
 Johnny Gardner, of Conway, for Appellant.
 George Jebaily and  Rangeley Chewning, both of Florence, for
 Respondent.
 
 
 

PER CURIAM: In
 this civil case, we reverse the Special Referees denial of a motion to set
 aside an entry of default. 
FACTS
This case arises from an automobile accident that occurred in
 Marion County South Carolina.  A GMC vehicle failed to yield the right-of-way,
 striking a Dodge van.  The GMC vehicle was driven by James McGee (McGee).  Diane
 Shannon (Shannon) was a passenger in the Dodge van.  
As a result of the accident, Shannon suffered multiple injuries. 
 Specifically, Shannon underwent surgery to correct her right hand, right forearm,
 and left knee.  Unfortunately, Shannons left knee developed an infection,
 which required a second surgery.  The surgical sites became infected, which
 ultimately led to a partial amputation of Shannons left leg.  
A summons and complaint were filed on June 6, 2005, and Robert
 Hood, doing business as Hoods Used Cars, was personally served two days
 later.  Hood failed to respond.  Consequently, Shannon filed a Motion for Entry
 of Default.  On July 13, 2005, an entry of default was entered, and the matter was
 referred to the Special Referee to ascertain damages.  
A hearing before the Special Referee was held on August 12, 2005. 
 Prior to this hearing, Hood was personally served with notice of the hearing
 and the order of entry of default on July 26, 2005.  Hood retained counsel on
 August 11, 2005, one day prior to the hearing before the Special Referee.  Hood
 made a motion to set aside the entry of default.  
The Special Referee found that at the time of the accident, the
 GMC vehicle was titled in Betty Hoods name.  The Special Referee: (1) found McGee
 to be an employee of Hoods Used Cars at the time of the accident; (2) held Robert
 Hood (Hood), doing business as Hoods Used Cars, was negligent in entrusting a
 company vehicle to McGee; (3) concluded Shannon incurred and will incur
 substantial medical costs; and (4) refused to set aside the entry of default. 
 Ultimately, the Special Referee entered a judgment against Hood in the amount
 of $1,475,000.  
On appeal, Hood argues the Special Referee committed reversible
 error by not setting aside the entry of default.  Shannon maintains the grant
 or denial of a motion to set aside the entry of default is an interlocutory
 appeal, which is not immediately appealable.
STANDARD OF REVIEW
A court may set aside an entry of default if good cause is shown. 
 Rule 55(c), SCRCP.  Whether good cause is established is left to the sound
 discretion of the trial court.  Williams v. Vanvolkenburg, 312 S.C. 373,
 375, 440 S.E.2d 408, 409 (Ct. App. 1994).  We will not disturb a discretionary
 ruling on appeal unless the ruling is without any evidentiary support or
 controlled by an error of law.  Id.
LAW/ANALYSIS
Before we address whether the Special
 Referee committed reversible error by not setting aside the entry of default,
 we confront the issue of whether this appeal is properly before us.  
A. This appeal
 is properly before us.  
Shannon initially argues this Court lacks jurisdiction to
 decide this case because this appeal constitutes an interlocutory appeal.  We
 disagree.
Generally,
 an appeal to this Court will be allowed only if there has been a final judgment.  Hagood v. Sommerville, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005).  For
 the purposes of determining whether an order is appealable, final judgment
 refers to the disposition of all the issues in the case.  Doe v. Howe,
 362 S.C. 212, 216, 607 S.E.2d 354, 356 (Ct. App. 2004).  The present case
 constitutes a final judgment by the Special Referee. 
The
 Special Referee denied Hoods motion to set aside the entry of default and
 entered a default judgment of $1,475,000.  This terminates the litigation because all Shannon must do to recover the judgment amount is collect.  See Ateyeh v. United
 of Omaha Life Ins. Co., 293 S.C. 436, 437, 361 S.E.2d 340, 340 (Ct. App.
 1987) (An order setting aside an entry of default is not appealable absent a
 final judgment.); Thynes v. Lloyd, 294 S.C. 152, 153, 363 S.E.2d 122,
 122 (Ct. App. 1987) (An order refusing to set aside an entry of default is not
 appealable until after final judgment.). However, even if we assume the Special
 Referees order is not a final judgment, this appeal is properly before us.
The
 following four situations permit a party to appeal absent a final judgment: 
 

 (1)
 intermediate judgments, orders or decrees involving the merits, (2) orders
 affecting substantial rights when such orders in effect determine the action
 and prevent a judgment from which an appeal may be taken or when the orders
 discontinue the action, (3) a final order in special proceedings, and (4)
 interlocutory orders [relating to injunctions].

 Walker v. Springs
 Indus., Inc., 298 S.C. 249, 251, 379 S.E.2d 729, 730 (Ct. App. 1989).
An
 order affects a substantial right if the order determines and discontinues the
 action.  Brown v. County of Berkeley, 366 S.C. 354, 361, 622 S.E.2d 533,
 537 (2005).            The Special Referees order in the current case determines
 and discontinues the action.  The order determines the action because Hood is
 held liable for the injuries suffered by Shannon.  The order terminates the
 action because all Shannon must do to recover the judgment amount is collect.  Thus,
 this appeal is properly before us.  
B. The Special
 Referee committed reversible error in not setting aside the entry of default.
As noted above, the decision of whether to
 grant relief from an entry of default is a matter solely within the sound
 discretion of the trial court.  Bage, LLC v. Se. Roofing Co. of Spartanburg,
 Inc., 373 S.C. 457, 471, 646 S.E.2d 153, 160 (Ct. App. 2007).  An abuse of
 discretion arises if the lower courts decision is controlled by an error of
 law or is without evidentiary support.  Id. at 464-65, 646 S.E.2d at
 157.  Consequently, the question before us is not whether we believe good cause
 existed to set aside the entry of default, but whether the Special Referees
 determination is supported by evidence and not controlled by an error of law.  Id. 
 
For good cause shown the court may set aside an entry of default .
 . . .  Rule 55(c), SCRCP.  Thus, the standard for granting relief from an
 entry of default is good cause.  Bage, LLC, 373 S.C. at 470, 646 S.E.2d at
 160.  In this case, the Special Referee applied the good cause standard in
 denying the motion to set aside the entry of default.  The Special Referee
 applied the correct legal standard; therefore, the Special Referees decision
 is not controlled by an error of law.  Now, we must consider whether the
 Special Referees decision is supported by the evidence.
In determining whether to set aside an entry of default, the
 factors the Special Referee should consider are: (1) the timing of the motion
 for relief; (2) whether the defendant has a meritorious defense; and (3) the
 degree of prejudice to the plaintiff if relief is granted.  Id. at 472,
 646 S.E.2d at 161.  The Special Referee did not make specific findings with
 respect to each of these three enumerated factors, but he did apply the factors
 in denying the motion to set aside the entry of default.  The Special Referee
 is not required to make specific findings in regard to these factors if
 sufficient evidence supports the finding of the lack of good cause.  Id.  
 
The first factor is the timing of the motion for relief.  In this
 case, Shannon filed the summons and complaint on June 6, 2005. Shannon personally served the summons and complaint on Hood on June 8, 2005.  Hood made the
 motion to set aside the entry of default on August 11, 2005.  Only two months
 elapsed between the time Hood was served with the summons and complaint and
 when he moved for relief.       
The second factor is whether the defendant has a meritorious defense.  
 A meritorious defense does not have to be a perfect defense nor does have to be
 guaranteed to prevail at a trial. Graham v. Town of Loris, 272 S.C. 442,
 543, 248 S.E.2d 594, 599 (1978).   It need be only one which is worthy of a
 hearing or judicial inquiry because it raises a question of law deserving of
 some investigation and discussion or a real controversy as to essential facts
 arising from conflicting or doubtful evidence. Id.  This case arose due
 to an automobile accident.  Hood maintains that at the time of the accident,
 McGee was not acting as Hoods employee.  The issue is worthy of investigation
 and thus the second factor weighs in favor of Hood.
The final factor is the degree of prejudice to the plaintiff if the
 entry of default is set aside.  We fail to see any prejudice that would result
 if entry of default is set aside.  It does not appear that evidence essential
 to the adjudication of this case on the merits will be affected by a reversal. 
 Thus, this factor weighs in favor of Hood.  
CONCLUSION
Accordingly,
 the Special Referees decision is 
REVERSED. [1] 

STILWELL,
 SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral arguments pursuant
 to Rule 215, SCACR.