## 21437

SUPERSCOPE, INC., Respondent, v. The BENJAMIN COMPANY, INC., d/b/a Stereo Showcase, Clyde Benjamin Byrd, Mary M. Byrd, Matsushita Electric Corporation of America, d/b/a Panasonic Atlanta, Philco Finance Corp., Citizens & Southern National Bank of South Carolina, Borg-Warner Acceptance Corp. and Associated Distributing Company, of whom The Benjamin Company, Inc., d/b/a Stereo Showcase, Clyde Benjamin Byrd and Mary M. Byrd are Appellants.

(277 S. E. (2d) 596)

*Lourie, Curlee & Swerling,* Columbia, *for appellants.*

*Kligman & Fleming,* Columbia, *for respondent.*

April 22, 1981.

LEWIS, Chief Justice:

This appeal is from an order denying appellants' motion to reopen a default judgment and permit them to file an answer and counterclaim; the order further granted respondent's motion for summary judgment. We reach only the issue of appellants' motion and reverse on that ground.

Appellants, as retailers of stereo and sound equipment, purchased goods from the respondent manufacturer, Superscope, Inc., and financed the purchase through a third party, Finance America Private Brands, Inc. Finance America was given a security interest in the goods. Appellants contend that certain of the goods were defective. Whether for this reason or otherwise, it is undisputed that appellants thereafter failed to make payment to Finance America, and the latter commenced action in claim and delivery to collect the debt. Appellants initally asserted their rights to a pre-seizure

hearing but later withdrew this demand in accordance with an "agreement" of counsel for the parties. The record makes several references to such cooperation between the parties, as in a statement that "by agreement" Finance America reclaimed the inventory of appellants, granting certain credits against the underlying debt.

The suit by Finance America, of course, continued with regard to any deficiency remaining after the foregoing credits. Subsequently, appellants demanded that Finance America prove in open court the amount of its remaining claim, on the ground that its claim was unliquidated and no verified, itemized statement of account was attached to the complaint; but no other responsive pleadings were filed by appellants. Appellants assert that they did not contest the action because their only defense was the defective nature of the goods, which could constitute no defense against Finance America as a mere lender.

In the meantime, and apparently without notice or knowledge of appellants, Finance America assigned its interest in the cause of action to the respondent, Superscope, Inc., the manufacturer from whom appellants purchased the allegedly defective goods. The circumstances surrounding this assignment do not appear in the record, although it is evident that the same counsel continued to represent the interests of the party plaintiff. Thereafter, an order of default against appellants and an order substituting Superscope, the manufacturer, as plaintiff was issued. It is stipulated that the order of default and the order of substitution were issued ex parte. The record is silent as to the service of these orders upon appellants.

After its substitution as plaintiff, Superscope moved for summary judgment for the balance of the indebtedness allegedly due, providing notice of this motion to appellants. Shortly thereafter appellants moved to have the default judgment set aside and for opportunity to file an answer and

counterclaim for damages against Superscope, now the plaintiff, from whom the allegedly defective goods were purchased. The motion of appellants was denied, and summary judgment granted to respondent.

Appellants assign error in the failure of the court below to reopen the default judgment on the ground that the judgment was improperly entered without notice to them.

Section 15-9-970, Code of Laws of South Carolina 1976 requires notice to a defendant that default judgment will be sought in cases where defendant has given notice of appearance. This statute provides a defendant with timely opportunity to urge reasons against entry of default judgment and offers the court a means to protect the judicial process from imposition as well as successive actions to correct premature judgments.

In this case, appellants appeared twice before the lower court: once to demand a pre-seizure hearing; later to demand proof of the unliquidated debt. We hold that these actions sufficed under Code Section 15-9-970 to entitle appellants to notice of the default application. The order of default, issued without notice, was therefore void and should have been set aside upon appellants' motion.

The trial judge was also in error in refusing to permit appellants to file responsive pleadings asserting their claims against the substituted plaintiff. In the furtherance of justice this court has encouraged a liberal approach to the amendment of pleadings as provided by Section 15-13-920, Code of Laws of South Carolina, 1976. The discretionary power to grant amendments, such as a substitution of parties, is limited however where the amendment brings about a substantial change in the nature of the action or deprives a party of a substantial right. 67A C.J.S., Parties, Section 170.

We think that the substitution of the respondent as plaintiff brought about a substantial change in the defenses available

to appellants and that fairness in these circumstances requires opportunity for appellants to plead. The case of *Coleman v. Heller*, 13 S. C. 491, provides the appropriate rule. In that case a defendant had a good defense against the original plaintiff, which was not available against the substituted plaintiff. Failure of the trial court to permit the defendant to amend his answer was held error. In the instant case, the situation is precisely reversed, for a defense not available against the original plaintiff is good against the substituted party. We see no reason why the principle applied in *Coleman v. Heller* should not govern.

In fact, our holding herein that the default judgment be set aside necessarily carries with it the right of appellants to file such defenses as they may have against respondent, the present plaintiff in the action.

Accordingly, we reverse and remand with instructions to set aside the default judgment heretofore entered and to permit appellants to file responsive pleadings.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.