1673

DYMON, INC., Respondent v. John HYMAN, d/b/a Diverse Maintenance Supply, Appellant.

(406 S.E. (2d) 388)

Court of Appeals

*Frank S. Potts, Michael H. Montgomery,* and *Vinton D. Lide,* of *Lide, Montgomery & Potts,* Columbia, *for appellant.*

*John B. Butler, Jr.,* and *John B. Butler, III,* Columbia, *for respondent.*

Heard May 13, 1991.

Decided June 10, 1991.

GOOLSBY, Judge:

John Hyman appeals the denial of his motion to set aside a judgment by default obtained by Dymon, Inc., without notice to Hyman even though Hyman had served and filed a late answer to Dymon's complaint. We reverse.

Dymon sued Hyman, alleging Hyman did business as Diverse Maintenance Supply and owed it an amount due on an open account. Hyman served and filed a late answer to Dymon's complaint.

Dymon's attorney acknowledged receipt of Hyman's answer in a letter to Hyman's attorney written shortly after Hyman served his late answer. He advised Hyman, however, that he considered Hyman in default because of Hyman's failure to serve his answer within time.

Almost two months later, Dymon applied to the court for a judgment by default without giving notice to Hyman of its application. The trial court subsequently entered a judgment by default against Hyman.

Several months thereafter, upon learning of the judgment by default, Hyman moved to set it aside pursuant to Rule 60(b), SCRCP. The trial court denied Hyman's motion. This appeal followed.

Rule 55(b)(1), SCRCP, requires a party against whom a judgment by default is sought to be given written notice of the application for the judgment at least three days prior to the hearing on the application, if the party "has appeared" in the action. Rule 55(b)(1), SCRCP; *see* Rule 55(b)(2), FED.R.CIV.P. (setting forth an identical federal rule regarding notice).

We hold Hyman, because he entered an appearance in this action by serving and filing a late answer to Dymon's complaint, was entitled under Rule 55(b)(1) to notice of Dymon's application for a judgment by default. *See Tarr v. Superior Court In and For Pima County*, 142 Ariz. 349, 690 P. (2d) 68 (1984) (the filing of a purported answer after entry of default but before application for a default judgment, constitutes an appearance under the Arizona Rules of Civil Procedure that include a three-day notice requirement identical to Rule 55(b)(1), SCRCP); *Howard v. Fountain*, 749 S.W. (2d) 690 (Ky. App. 1988) (the filing of a late answer con-

stitutes an appearance under the Kentucky Rules of Civil Procedure); *Law Office of Lawrence J. Stockler, P.C. v. Semaan*, 135 Mich. App. 545, 355 N.W. (2d) 271 (1984) (the defendant's late answer, filed on the same day as the motion for a default judgment, constituted an appearance and required the plaintiff to serve the defendant with a copy of the application for a default judgment under the Michigan Rules of Civil Procedure); *Suki v. Blume*, 9 Ohio App. (3d) 289, 459 N.E. (2d) 1311 (1983) (the filing of a late answer constitutes an appearance under Rule 55(A) of the Ohio Rules of Civil Procedure, which, except for its seven-day notice requirement, is identical to Rule 55(b)(1), SCRCP).

We further hold the trial court should have relieved Hyman of the judgment by default. The order entering it was void since the trial court issued the order without the required notice. *See Superscope, Inc. v. Benjamin Company, Inc.*, 276 S.C. 231, 234, 277 S.E. (2d) 596, 598 (1981) (case decided before the adoption of the South Carolina Rules of Civil Procedure wherein the Supreme Court held that an "order of default, issued without notice, [is] . . . void and should [be] set aside upon . . . motion."); *see also Wilson v. Moore and Associates, Inc.*, 564 F. (2d) 366, 369 (9th Cir. 1977) ("The failure to provide 55(b)(2) notice, if notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing a failure to do so."); 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2695, at 506-07 (1983) ("A failure by the party obtaining the judgment to give notice to the defaulting party may be considered as rendering the judgment void or as justifying vacation of the default judgment as a matter of law."); 47 Am. Jur. (2d) *Judgments* § 1179, at 202 (1969) ("[A] default judgment rendered without the required notice constitutes a deprivation of due process of law and is void.").

Reversed.

BELL and CURETON, JJ., concur.