602 S.E.2d 99

**STARK TRUSS CO., Inc., Respondent,**

v.

**SUPERIOR CONSTRUCTION CORPORATION and National Fire Insurance Company of Hartford, Appellants.**

No. 3859.

Court of Appeals of South Carolina.

Submitted March 8, 2004.

Decided Aug. 16, 2004.

504

A. Cruickshanks, IV, of Clinton; and Steele B. Windle, III, of Charlotte, for Appellants.

Paul B. Zion, of Spartanburg, for Respondent.

CURETON, A.J.

Superior Construction Corporation and National Fire Insurance Company of Hartford (collectively, "Appellants") appeal the circuit court's order denying their motion to set aside an entry of default judgment and dismissing their counterclaims against Stark Truss Co., Inc. We affirm in part, reverse in part and remand.

## FACTS

In 2001, Superior signed a purchase order agreement under which Stark Truss was to manufacture and deliver all the roof trusses Superior needed to complete a school construction project for the amount of $95,861. National issued Superior a labor and materials payment bond on the project. A dispute arose between Superior and Stark Truss concerning the condition of the trusses provided. Superior refused to pay in full for the materials, and Stark Truss refused to deliver the remaining materials without full payment. Superior obtained replacement materials from another supplier. In June 2002, Stark Truss filed a $49,799 payment bond claim with National for the remaining balance of the purchase order price. National denied Stark Truss's claim on the basis of the existence of a bona fide dispute.

On July 12, 2002, Stark Truss filed a summons and complaint against Appellants for the remaining balance plus interest. The summons and complaint were served upon Superior on July 24 and upon National on July 26. National gave its defense in the matter to Superior on August 5, 2002, apparently intending for Superior to answer on its behalf.

Superior did not send a copy of Stark Truss's summons and complaint or National's suit papers to its attorneys until September 5, 2002. Upon receipt that same morning, Appellants' attorneys immediately telephoned Stark Truss's attorneys and requested an extension of time in which to file an answer. Later that day, Appellants' attorneys were contacted

by one of Stark Truss's attorneys and informed that default proceedings had already begun, with the motion for entry of default judgment and affidavit of default being mailed that morning prior to the initial call. Stark Truss denied the request for an extension.

The Appellants' joint answer and counterclaim for damages in excess of $75,000 was prepared, filed with the court on September 6, 2002, and served on Stark Truss. Stark Truss's affidavit of default, motion for entry of default judgment, and a proposed order directing entry of default judgment, dated September 5, 2002, were received and filed five days later on September 11, 2002. Based on Stark Truss's motion, the court issued an order, without a hearing, simultaneously granting entry of default and a default judgment against Appellants.

On September 12, Stark Truss served on Appellants' attorneys its motion to dismiss Appellants' counterclaims, asserting the compulsory claims were barred by the default judgment. Appellants filed a "Motion to Set Aside Entry of Default Judgment" on October 22, 2002, in which Appellants argued both the entry of default and default judgment should be set aside. At the motions hearing, Appellants argued that because they filed an answer and counterclaim prior to the court's receipt of the motion for entry of default and default judgment, they had appeared in the matter, rendering the facts supporting the motion for default judgment inaccurate. Appellants also asserted that because they had appeared, entry of default was improper and required the entry of default judgment to be set aside. Appellants' attorney informed the circuit court that there was no good explanation for not filing an answer within thirty days, other than the fact that Superior's president was "struggling with some depression and a lot of things slipped through his fingers."

On November 15, 2002, the circuit court issued an order holding that Appellants had failed to present sufficient proof of either "good cause" for relief from default under Rule 55(c), SCRCP, or "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b), SCRCP sufficient to vacate the entry of default judgment. Since the counterclaims were compulsory and the answer was not timely filed, the court also

granted Stark Truss's motion to dismiss all counterclaims. This appeal followed.

## STANDARD OF REVIEW

The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge. *Thompson v. Hammond*, 299 S.C. 116, 119, 382 S.E.2d 900, 902–903 (1989); *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 465, 381 S.E.2d 499, 502 (Ct.App. 1989). This decision will not be reversed absent an abuse of that discretion. *Thompson*, 299 S.C. at 119, 382 S.E.2d at 902–903; *In Re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct.App.1997). An abuse of discretion occurs when the order was controlled by an error of law or when the order is without evidentiary support. *Id.*

## LAW / ANALYSIS

### A.

Appellants argue the circuit court erred in entering default and in refusing to set aside the entry of default because they appeared in the matter by filing their answer and counterclaim prior to the filing of the motion for entry of default. We disagree.

A determination in this case requires an evaluation of Rule 55, SCRCP regarding default judgments. When interpreting a court rule, "we apply the same rules of construction used in interpreting statutes. Therefore, the words of [the rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule." *Green v. Lewis Truck Lines, Inc.*, 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994). When the language of a court rule is clear and unambiguous, the court is obligated to follow its plain and ordinary meaning.

Unless an extension is granted, a defendant must serve his answer within thirty days "after the service of the complaint upon him." Rule 12(a), SCRCP. If a party has failed to "plead or otherwise defend[1] as provided by [the South

---

1. "The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the

Carolina Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise," the clerk of court will enter default. Rule 55(a), SCRCP. Entry of default is a ministerial act which a clerk is required to perform once default is made to appear by the affidavit of the moving party. *See Thynes v. Lloyd,* 294 S.C. 152, 153–54, 363 S.E.2d 122, 123 (Ct.App.1987) (holding that "whether default was actually entered is of no consequence since the entry of default is a purely ministerial act which the clerk was required to perform once the default was made to appear by the affidavit" of the moving party).

Appellants initially argue the circuit court erred in entering default. Although Appellants' late answer amounted to a "pleading" filed prior to entry of default, it did not comply with the time requirements of Rule 12(a), SCRCP. Appellants clearly failed to file an answer within thirty days of service of the summons and complaint upon them and they were technically in default. Thus, Appellants' answer was not a valid pleading or defense "as provided by" the Rules of Civil Procedure. A plain reading of Rule 55(a) allows entry of default when a pleading or defense is asserted in a manner noncompliant with the Rules of Civil Procedure. To hold otherwise would render the requirements in Rule 12(a), SCRCP, meaningless. We find the court's entry of default was proper.

Appellants point to cases from other jurisdictions holding that entry of default is improper if even a late answer is filed prior to entry of default. *See, e.g., Moore v. Sullivan,* 123 N.C.App. 647, 473 S.E.2d 659, 660 (1996) ("After an answer has been filed, even if the answer is untimely filed, a default may not be entered."). That is not the current law in this state. Further, filing a late answer would not alter the fact that Appellants were in default, especially if entering default is a ministerial act to be automatically performed once an affidavit shows the defendant has failed to comply with the requirements of the rules. *Thynes,* 294 S.C. at 153–54, 363 S.E.2d at 123.

prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading." 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 16–17 (3rd ed.1989).

■ Appellants also argue the circuit court erred in denying their motion to set aside the entry of default. We disagree.

■ Rule 55(c), SCRCP, allows the circuit court to set aside an entry of default "for good cause shown." Rule 55(c), SCRCP. "In deciding whether good cause exists, the trial court should consider the following factors: (1) the timing of the defendant's motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted." *Pilgrim v. Miller*, 350 S.C. 637, 640, 567 S.E.2d 527, 528 (Ct.App.2002), *cert. dismissed* (April 25, 2003). Whether to grant relief from entry of default is a decision within the sound discretion of the circuit court. *Wham*, 298 S.C. at 465, 381 S.E.2d at 502. In reviewing the court's exercise of discretion, the issue before the appellate court is not whether it believes good cause existed to set aside the default, "but rather, whether the [trial judge's] determination is supportable by the evidence and not controlled by an error of law." *Pilgrim*, 350 S.C. at 640–41, 567 S.E.2d at 528.

Appellants' motion for relief from entry of default was filed over a month after the circuit court entered default judgment. They argued that the entry of default should be set aside because they appeared prior to entry of default. The attorney for Appellants informed the circuit court that Superior's president had no good reason, other than depression, for failing to act when he was served with the summons and complaint. The attorney did not give any reason for National's failure to serve and file its answer to the summons and complaint. Based on these facts, we find there was evidence to support the circuit court's refusal to set aside the entry of default.

## B.

■ Appellants argue that because they filed a late answer, they made an "appearance" in the action and entry of default judgment was improper. They further argue that the circuit court erred in refusing to set aside the default judgment. We agree.

Rule 55(b)(1), SCRCP, entitled "Cases Involving Liquidated Damages or Sum Certain," provides that where the amount sought is a sum certain and the defaulting party has *not* made

an appearance, the judge may enter default judgment for the amount sought without holding a hearing. Rule 55(b)(2), entitled "All Other Cases," provides, in pertinent part, that a party who has "appeared" in the action is entitled to notice and a hearing before judgment by default may be entered. A party may seek relief from a default judgment for mistake, inadvertence, newly discovered evidence, fraud or other misconduct, where the judgment is void, or where the judgment has been satisfied. Rule 60(b), SCRCP.

Whether Appellants' late answer amounted to an "appearance" in this case is a critical question. This court has previously discussed whether a late filing constitutes an "appearance." In *Dymon v. Hyman*, 305 S.C. 170, 406 S.E.2d 388 (Ct.App.1991), the defendant filed and served his answer late, and the plaintiff acknowledged service of the late answer. However, the plaintiff informed the defendant that he considered the defendant to be in default. Two months later, the plaintiff sought and obtained a judgment by default without giving notice to the defendant. The defendant learned of the default judgment months later, and the circuit court denied the motion for relief from judgment. Interpreting the prior version of Rule 55(b)(1),[2] this court held that the defendant's late answer was an "appearance" and thus the defendant was entitled to notice and a hearing on the motion for default judgment. Because no notice was given, this court reversed the circuit court's refusal to set aside the void judgment. *Dymon*, 305 S.C. at 171, 406 S.E.2d at 389.

Appellants in the present case clearly filed their answer and counterclaims more than thirty days after they were served with the summons and complaint. However, as in *Dymon*, Appellants' late answer, filed before Stark Truss's motions were received by the circuit court, constituted an appearance in the matter. Appellants were entitled to notice and a hearing before judgment by default was entered. *Dymon*, 305 S.C. at 171–72, 406 S.E.2d at 389. Because no notice was

---

2. The prior version of Rule 55(b)(1) is nearly identical to the current version of Rule 55(b)(2). The rules were amended in 1998 to add the version of Rule 55(b)(1) concerning default judgments with liquidated damages and where the defaulting party has failed to appear. The former Rule 55(b)(1) became Rule 55(b)(2). *See* Rule 55, SCRCP Notes to 1998 Amendments.

given and no hearing was held, the default judgment was void. The circuit court erred in refusing to relieve Appellants from the void judgment. *Id.; see also* Rule 60(b)(4), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [where] ... the judgment is void.").

## C.

▬ Appellants assert the circuit court erred in granting Stark Truss's motion to dismiss their counterclaims as compulsory. We disagree.

The circuit court found, and Appellants do not dispute, that the counterclaims asserted with the late answer were compulsory. Rule 13(a), SCRCP, provides that compulsory counterclaims must be asserted along with a responsive pleading. As Appellants were in default and failed to timely file and serve their answer, they also failed to timely assert their counterclaims. In this instance, we find the circuit court did not err in dismissing the Appellants' counterclaims.

## CONCLUSION

Appellants failed to timely serve and file their answer and compulsory counterclaims on Stark Truss pursuant to the Rules of Civil Procedure. Thus, the entry of default was proper, the circuit court's refusal to set aside the entry of default was supported by the evidence, and the dismissal of Appellants' compulsory counterclaims was proper. However, as Appellants made an appearance in this action by filing a late answer, they were entitled to notice before entry of default judgment. The circuit court's refusal to set aside the void default judgment was error. We reverse the refusal to set aside the default judgment and remand for proceedings consistent with this opinion.

For the foregoing reasons, the decision of the circuit court is

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

HUFF and STILWELL, JJ., concur.