THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Richard Gaby
 and Barbara Van Andel Gaby, Respondents,
 v.
 Kunstwerke
 Corp. and J. Scott Kunst, Appellants.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge
 G. Edward Welmaker, Circuit Court Judge
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No.  2009-UP-028
Submitted November 1, 2008  Filed January
 14, 2009
AFFIRMED

 
 
 
 J. Scott Kunst, Pro Se, of Simpsonville.  
 James G. Carpenter, Jennifer J. Miller, and Lewis Warren Clayton,
 all of Greenville, for Appellant Kunstwerke Corporation.
 Joel M. Bondurant, Jr. and T. S. Stern, both of Greenville, for
 Respondents.
 
 
 

PER
 CURIAM:  Kunstwerke Corporation and J. Scott Kunst appeal the
 circuit courts (1) entering default, (2) denying the motion for relief from
 default, (3) entering a default judgment, and (4) determining damages.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  Issues 1, 2, & 3: Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a very few exceptional
 circumstances, an appellate court cannot address an issue unless it was raised
 to and ruled upon by the trial court.); Dixon v.
 Besco Engg, Inc., 320 S.C. 174, 178,
 463 S.E.2d 636, 638 (Ct. App. 1995) (holding an appellants argument that the
 entry of default should be reversed because the trial court neglected to make
 specific findings of certain factors was not preserved for appellate review because
 the appellant failed to raise the issue to the trial court in a post-trial
 motion); Roberson v. S. Fin. of S.C., Inc.,
 365 S.C. 6, 9, 615 S.E.2d 112, 114 (2005) (finding the decision whether to
 set aside an entry of default or a default judgment lies solely within the
 sound discretion of the trial court and that decision will not be disturbed on
 appeal absent a clear showing of an abuse of that discretion); Rule 12(a),
 SCRCP (A defendant shall serve his answer within 30 days after the service of
 the complaint upon him, unless the [c]ourt directs otherwise . . . .); Rule
 55(a), SCRCP (When a party against whom a judgment
 for affirmative relief is sought has failed to plead or otherwise defend as
 provided by these rules and that fact is made to appear by affidavit or
 otherwise, the clerk shall enter his default upon the calendar . . . .); Stark
 Truss Co. v. Superior Constr. Corp., 360 S.C. 503, 509, 602 S.E.2d 99,
 102 (Ct. App. 2004) (A plain reading of Rule 55(a) allows entry of
 default when a pleading or defense is asserted in a manner noncompliant with the
 Rules of Civil Procedure. To hold otherwise would render the requirements in
 Rule 12(a), SCRCP, meaningless.); Id. (holding although the appellants
 late answer amounted to a pleading filed prior to entry of default, it did not
 comply with the time requirements of Rule 12(a), SCRCP, and thus, the courts
 entry of default was proper because it was not a valid pleading or defense as
 provided by the Rules of Civil Procedure); Roberson, 365 S.C. at 9-10, 615 S.E.2d at 114 (finding the standard for
 granting relief from an entry of default is good cause under rule governing
 default judgments, while the standard is more rigorous for granting relief from
 a default judgment under rule governing relief from judgment); Hill v. Dotts,
 345 S.C. 304, 309, 547 S.E.2d 894, 897 (Ct. App. 2001) (providing the relevant
 factors in determining whether a default judgment should be set aside are (1) the
 promptness with which relief is sought, (2) the reasons for the failure to act
 promptly, (3) the existence of a meritorious defense, and (4) the prejudice to the
 other parties); Stark Truss Co., 360 S.C. at 510, 602
 S.E.2d at 103 (affirming the circuit courts
 refusal to set aside the entry of default when one of the appellants informed
 the circuit court he had no good reason, other than depression, for failing to
 act when he was served with the summons and complaint); McCall v.
 A-T-O, Inc., 276 S.C. 143, 146, 276 S.E.2d 529, 530 (1981) (This
 Court has never held a layman to a lesser standard than attorneys.); Goodson
 v. Am. Bankers Ins. Co. of Fla., 295 S.C. 400, 403, 368 S.E.2d 687,
 689 (Ct. App. 1988) (Lack of familiarity with legal
 proceedings is unacceptable and the court will not hold a layman to any lesser
 standard than is applied to an attorney.); and Issue
 4: Howard v. Holiday Inns, Inc., 271 S.C. 238, 242, 246
 S.E.2d 880, 882 (1978) (holding that at the damages hearing in a default
 judgment proceeding, the defendant may only participate by cross-examining
 witnesses and objecting to evidence); Austin v.
 Specialty Transp. Servs., Inc., 358
 S.C. 298, 311, 594 S.E.2d 867, 873 (Ct. App. 2004) (finding that in reviewing a damages award, this court does not weigh the
 evidence, but determines if any evidence supports the award).

AFFIRMED.
HEARN, C.J., and SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.