**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Jane AP Doe, Respondent,

v.

Omar Jaraki, M.D., Halla Jaraki, Cardiology & Arrhythmia Consultants, Cardiology & Arrhythmias Consultant, Institute of Electrophysiology, P.C., Defendants,

Of whom Omar Jaraki and Halla Jaraki are the Appellants.

Appellate Case No. 2012-212812

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-442
Heard November 6, 2013 – Filed November 27, 2013

**AFFIRMED**

William Isaac Diggs, of Law Office of William Isaac Diggs, of Myrtle Beach, for Appellants.

O. Fayrell Furr, Jr., of Furr & Henshaw, of Myrtle Beach, and John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 8(b), SCRCP (setting forth standards for pleading defenses); Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)."); Rule 55(c), SCRCP (setting forth the standard for granting relief from an entry of default as "good cause"); *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) (holding that the "good cause" standard under Rule 55(c) requires a party seeking relief from an entry of default to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice); *id.* at 607-08, 681 S.E.2d at 888 (holding that in determining whether to grant relief from an entry of default, once a party has given "a satisfactory explanation for the default, the trial court must also consider: (1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted"); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 916 (Ct. App. 2009) ("An abuse of discretion arises where the judgment is controlled by an error of law or is based on factual conclusions that are without evidentiary support." (citation omitted)); *Stark Truss Co., Inc. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge." (citations omitted)); *id.* (holding that the decision of whether to set aside an entry of default or a default judgment will not be reversed absent an abuse of that discretion); *Hill v. Dotts*, 345 S.C. 304, 308-09, 547 S.E.2d 894, 896 (Ct. App. 2001) (holding that the defendant's letter to plaintiff's counsel did not qualify as an answer because it did not mention or deny any of the fourteen specific allegations of negligence and recklessness set forth in the complaint).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**