**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Alexander Pastene, Appellant,

v.

Marion R. McMillan and Synergy Spine Center, P.A., Respondents.

Appellate Case No. 2017-000294

---

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-102
Submitted March 1, 2020 – Filed April 8, 2020

---

**AFFIRMED**

---

Alexander Pastene, of Hilton Head Island, pro se.

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Respondents.

---

**PER CURIAM:** Alexander Pastene appeals the circuit court's order denying his motion for relief from judgment under Rules 60 and 55, SCRCP. On appeal, Pastene argues (1) the circuit court erred by finding him in default because he timely answered Dr. Marion McMillan's counterclaim for defamation, (2) the

circuit court erred by issuing an order of default judgment against him because the court was overburdened, (3) the clerk of court misled him and told him not to appear for the damages hearing, and (4) he was denied his right to a jury trial. We affirm. First, we find the circuit court did not err in denying the Rule 60(b) motion because Pastene did not provide any evidence showing the judgment was entered due to a mistake, inadvertence, or misunderstanding. *See Perry v. Heirs at Law of Gadsden*, 357 S.C. 42, 46, 590 S.E.2d 502, 504 (Ct. App. 2003) ("A party seeking to set aside a judgment pursuant to Rule 60(b) has the burden of presenting evidence entitling him to the requested relief."); *id.* at 47, 590 S.E.2d at 504 ("Whether to grant or deny a motion under Rule 60(b) is within the sound discretion of the [circuit court]."); *id.* ("On review, we are limited to determining whether the [circuit court] abused its discretion in granting or denying such a motion."); *Sundown Operating Co., Inc. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009) ("Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b) [of the South Carolina Rules of Civil Procedure]. . . . Rule 60(b) requires a . . . particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'" (quoting Rule 60(b), SCRCP)). Further, the circuit court did not err in entering default judgment because Pastene did not timely respond to Dr. McMillan's counterclaims. *See Stark Truss Co., Inc. v. Superior Const. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 102 (Ct. App. 2004) ("Unless an extension is granted, a [plaintiff] must serve his answer [to a counterclaim] within thirty days 'after the service of the [answer] upon him.'" (quoting Rule 12(a), SCRCP)); *id.* at 508-09, 602 S.E.2d at 102 ("If a party has failed to 'plead or otherwise defend as provided by [the South Carolina Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise,' the clerk of court will enter default." (quoting Rule 55(a), SCRCP)) (footnote omitted). Finally, we find the issue of the right to a jury trial was not preserved for review because it was not raised to the circuit court in the Rule 60(b) motion. *See In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) ("A constitutional claim must be raised and ruled upon to be preserved for appellate review."); *State v. Policao*, 402 S.C. 547, 556, 741 S.E.2d 774, 778 (Ct. App. 2013) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the [circuit] court, it will not be considered for the first time on appeal." (quoting *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct.App.2010))).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, THOMAS, and MCDONALD, JJ., concur.**