**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bobby Foster, Appellant,

v.

Julian Neil Armstrong, Respondent.

Appellate Case No. 2018-001497

———

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge
Larry B. Hyman, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-336
Heard June 7, 2021 – Filed September 22, 2021

———

**AFFIRMED**

———

Eric Marc Poulin, Lane Douglas Jefferies, and Matthew Thomas Foss, and Roy T. Willey, IV, all of Anastopoulo Law Firm, LLC, of Charleston; and Kenneth Thomas David, of Arlington, Virginia, for Appellant.

Linda Weeks Gangi, of Thompson & Henry, PA, of Conway, for Respondent.

———

**PER CURIAM:** Appellant Bobby Foster asks this court to reverse the circuit court's finding that Appellant's service by publication on Respondent Julian Neil Armstrong

did not give the court personal jurisdiction over Respondent.  Appellant contends this led the circuit court to erroneously grant summary judgment to Respondent.  We affirm.

## FACTS/PROCEDURAL HISTORY

On April 8, 2013, Appellant, driving a 2000 Dodge, had stopped for traffic on S.C. 90 when Respondent, driving a 1995 Lexis, rear-ended him.  Law enforcement was called, and the two men provided information that was used on an accident report—including Respondent's cell phone number.  The accident report described it this way:

> [RESPONDENT] AND [APPELLANT] WERE TRAVELING EAST ON SC 90.  [APPELLANT] STOPPED FOR TRAFFIC.  [RESPONDENT] STRUCK [APPELLANT].  [RESPONDENT] WAS DRIVING TOO FAST FOR CONDITIONS.

Appellant later complained of "serious and painful personal injuries[,] including, but not limited to, pain and suffering, and injuries to his back and shoulder."  Appellant allegedly missed work and suffered "loss of enjoyment of life and change in his personality," among other listed maladies.

On July 27, 2015, Appellant filed a summons and complaint against Respondent.  On August 13, counsel for Appellant mailed a copy of the summons to Respondent at the address listed for Respondent on the incident report.  On August 31, sixteen days after a postal service notice was left at the address, USPS annotated the summons as "Unclaimed/Max Hold Time Expired" and returned it.

The Horry County Sheriff's Office attempted service at the same address.  In an affidavit dated October 26, the deputy stated that he "made a diligent search, but was unable to locate" Respondent.  The bottom of the affidavit states: "UNABLE TO LOCATE.  NEIGHBOR ADVISED THAT SUBJECT HAS MOVED."

On November 23, Appellant filed a petition with the Horry County Court of Common Pleas to order a summons by publication.  The following day, the clerk of court filed an order "find[ing] that it is appropriate and necessary to serve the Defendant via publication in the daily newspaper of Defendant's last known residence," which the order listed as the address on the accident report.

On December 24 and December 31 of 2015, and January 7 of 2016, a summons appeared in the *North Myrtle Beach Times*. On March 8, 2016, Appellant filed a motion for an entry of default. The same day, the clerk of court ordered the entry of default and required a hearing to be scheduled on damages.

However, on July 19, attorney Linda Weeks Gangi filed a notice of appearance on behalf of Respondent. On September 21, Respondent filed a "Motion to Set Aside Order for Entry of Default and Order for Publication." Respondent argued that (1) the summons did not comply with Rule 4(b), SCRCP, because it "d[id] not notify the Defendant that if he fails to appear and defend[,] a judgment by default will be rendered against him"; (2) the summons in the newspaper did not include the date the initial complaint had been filed; (3) the *North Myrtle Beach Times* was not an appropriate newspaper for the notice; and (4) Appellant should have attempted to contact Respondent by telephone.

Appellant countered that both the initial summons and the published summons alerted Respondent that (1) default judgment was a possibility; (2) "the *North Myrtle Beach Times* is the closest general circulation paper to [Respondent's] last known address[;] and [(3)] the Summons' missing date is not fatal to the publication." Further, Appellant argued that Respondent offered no "good cause" for his motion, as required by Rule 55(c), SCRCP.

The Honorable Benjamin H. Culbertson held a hearing October 17. On October 21, the court signed Respondent's proposed order setting aside the entry of default. The order stated "that this [c]ourt has no personal jurisdiction over [Respondent] and that service of the Summons and Complaint was not properly perfected on [Respondent]." The court filed the order on October 26.

On November 10, Appellant filed a motion to reconsider, asking for the court to "clarify its opinion on this matter [regarding personal jurisdiction] to address the issue of the statute of limitations." In an order filed March 23, 2017, the court reiterated that it had "no personal jurisdiction over [Respondent]" and denied Appellant's motion.

On March 31, 2017, Respondent filed a motion for summary judgment. Respondent argued: "The Summons to date has never been amended. No Acceptance of Service was ever provided to [Respondent's] attorney." Respondent claimed the statute of limitations operated to block Appellant's suit. In his memorandum of law in opposition to the motion, Appellant reiterated "his assertion that [Respondent] was properly served by publication and his cause of action was

properly commenced within the statute of limitations period[.]"  Appellant further argued that Respondent had waived the statute of limitations and that public policy called for a full trial.

On April 24, the Honorable Larry B. Hyman filed a Form 4 judgment granting Respondent's motion.  On July 7, 2017, Appellant filed a motion to reconsider.  The court denied the motion.  On March 27, 2018, the court filed a Form 4 judgment.  A formal order followed on April 9.  This appeal followed.

## ISSUES ON APPEAL

1. Did the circuit court err in holding that service by publication was ineffective based on the lack of the date of the filing of the summons?

2. Did the circuit court err in holding the summons was ineffective based on the lack of a specific warning of default?

3. Did the circuit court err in holding that the service by publication was flawed because the *North Myrtle Beach Times* was neither a daily paper nor "a newspaper of general circulation in Horry County"?

4. Did the circuit court err in finding that Appellant did not exercise sufficient diligence in attempting to personally serve Respondent?

5. Did the circuit court err in granting summary judgment because of the perceived flaws in the service by publication?

## STANDARD OF REVIEW

Appellant's Issues I–IV

Appellant and Respondent disagree as to which of the Rules of Civil Procedure governs our analysis in this case.  Appellant argues that the case should be considered under Rule 60(b), SCRCP.  Respondent counters that the appropriate rule is Rule 55(c).

We believe Rule 55(c) is the proper basis for deciding this motion.  *See Sundown Operating Co. v. Intedege Indus., Inc.*, 383 S.C. 601, 607–08, 681 S.E.2d 885, 888 (2009) (noting that "Rule 55(c) permits a party to move to set aside *the*

*entry of default*," while "[o]nce a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP" (emphasis added)).

Beyond that, both sides concede that in passing on the circuit court's decision in this case, our standard of review is abuse of discretion. *See Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge. This decision will not be reversed absent an abuse of that discretion." (citations omitted)). "An abuse of discretion occurs when the order was controlled by an error of law or when the order is without evidentiary support." *Id.* at 508, 602 S.E.2d at 101–02.

Appellant's Issue V

Likewise, the parties largely agree on our standard of review in regards to the circuit court's decision on the motion for summary judgment. "In reviewing an order of summary judgment, an appellate court applies the same standard as that which the circuit court applied in determining whether to enter the order." *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005). Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP.

## LAW/ANALYSIS

Appellant's first four issues on appeal all concern the circuit court's ruling on the validity of the notification by publication. The fifth ground is almost entirely dependent on whether the circuit court should be reversed in its decision to grant Respondent's motion to set aside the entry of default and the order for publication. In other words, if the set-aside should have been granted, then the motion for summary judgment should also have been granted, given that the statute of limitations had expired.

Appellant contends that the trial court erred in deciding to set aside the entry of default based on errors in the order of publication and the summons itself. If we find no error in the circuit court's decision that a particular mistake in the summons warranted setting aside the entry of default, we may affirm the circuit court solely on that issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[An] appellate court need not address remaining

issues when disposition of prior issue is dispositive[.]" (citing *Whiteside v. Cherokee Cty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993)).  We find no error in the circuit court's determination to set aside the entry of default based on the omission of the filing date in the summons, and as a result, we affirm.

As a general matter, the factors for good cause under Rule 55(c) include: "(1) the timing of [the] motion for relief; (2) whether [the defendant] has a meritorious defense; and (3) the degree of prejudice to [the plaintiff] if relief is granted."  *Wham v. Shearson Lehman Bros.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501–02 (Ct. App. 1989).  Additionally, our supreme court has provided some guidance while discussing Rule 60, SCRCP.  The court has noted "the basic legal premise that the standard for granting relief under Rule 60(b) is more rigorous than under Rule 55(c), and that an entry of default may be set aside for reasons that would be insufficient to relieve a party from a default judgment."  *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 607, 681 S.E.2d 885, 888 (2009); *see also id.* at 608, 681 S.E.2d at 889 ("The Rule 60(b) factors are indeed relevant to a Rule 55(c) analysis, but only insomuch as proof of any one of these factors is sufficient to show 'good cause.'").  Rule 60(b) provides that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding" for one of five listed reasons.  One of those reasons is that "the judgment is void."  Rule 60(b)(4), SCRCP.

Next, we call attention to the statute addressing notice by publication.  Section 15-9-740 of the South Carolina Code (Supp. 2020) states in relevant part:

> The order of publication shall direct the publication to be made in one newspaper, to be designated by the officer before whom the application is made, most likely to give notice to the person to be served and for such length of time as may be deemed reasonable not less than once a week for three weeks. . . .
>
> In all cases in which publication is made the complaint must first be filed and the summons, as published, *must state the time and place of such filing*.

(Emphasis added).  Should the publication fail to meet the statute's requirements, the court does not obtain personal jurisdiction over the defendant.  *See BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("A court generally obtains personal jurisdiction by the service of a summons.").

Appellant contends in part that the circuit court erred in invalidating the published summons based on the failure of that summons to include the timing of the complaint's filing. We disagree.

We are mindful that our courts have cautioned against being unduly literal in considering compliance with the publication statute. *See Du Bose v. Du Bose*, 90 S.C. 87, 89, 72 S.E. 645, 646 (1911) ("The rule that the statutory requirements as to constructive service by publication must be strictly carried out *does not mean that any irregularity, however slight, is fatal*." (emphasis added)).

However, we cannot ignore a clear requirement of the statute—that "the summons, as published, must state the time and place of such filing"—that the summons before us just as clearly did not meet. Doing so would cross the line between interpreting the statute and rewriting it.[1]

Because the summons was not properly served by publication, the resulting lack of personal jurisdiction constitutes "a meritorious defense" for the purposes of Rule 55(c). *See Taylor*, 369 S.C. at 551, 633 S.E.2d at 503 ("A court generally obtains personal jurisdiction by the service of a summons."); *Wham*, 298 S.C. at 465, 381 S.E.2d at 501–02 (listing the following factors to consider in determining good cause under Rule 55(c): "(1) the timing of [the] motion for relief; (2) whether [the

---

[1] We reject out of hand Appellant's call for this court to find that because the reason for the statute's requirement to include the date of the filing no longer exists, the requirement should be disregarded. *See, e.g.*, *Rhett v. Gray*, 401 S.C. 478, 496, 736 S.E.2d 873, 883 (Ct. App. 2012) ("[W]hen the reason does not exist, the rule does not apply."). We can find no support for the notion that this maxim should be applied to *statutes*. It is beyond question that when the courts of our state find that a judicial rule no longer serves its purpose, they have the ability to disregard it in certain cases or abolish it altogether. However, to say that a court may apply that principal to a duly enacted statute when—in its judgment alone—that statute no longer serves its purpose would mark a breathtaking expansion of judicial review that could violate the South Carolina Constitution. *See* S.C. Const. art. I, § 8 ("In the government of this State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other."). If there are reasons to repeal the requirement that a notice by publication include the date of the filing of litigation, those reasons are appropriate for consideration by the legislature.

defendant] has a meritorious defense; and (3) the degree of prejudice to [the plaintiff] if relief is granted").

Given our decision to affirm the circuit court's ruling, we find the motion for summary judgment was properly granted. *See* Rule 56(c), SCRCP (providing that summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

## CONCLUSION

For those reasons, the judgment of the circuit court is

**AFFIRMED.**

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**