# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Ammon L. "Treigh" Sullivan, Respondent,

v.

Richland County School District One and South Carolina Department of Education, Defendants,

Of which South Carolina Department of Education is the Appellant.

Appellate Case No. 2021-000539

_____

Appeal From Richland County
L. Casey Manning, Circuit Court Judge
Joseph M. Strickland, Master-in-Equity

_____

Opinion No. 6092
Submitted October 1, 2024 – Filed November 13, 2024

_____

## REVERSED AND REMANDED

_____

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, for Appellant.

Julius Wistar Babb, IV, of Cromer Babb & Porter, LLC, of Columbia, for Respondent.

_____

**HEWITT, J.:** The South Carolina Department of Education (the Department) appeals a judgment entered against it by default. It is undisputed that the Department failed to timely respond to the summons and complaint. The circuit court declined to set aside the entry of default and a master-in-equity subsequently entered a default

judgment awarding Ammon L. "Treigh" Sullivan (Respondent) damages. The Department raises a number of arguments on appeal, including that the circuit court failed to impose the proper standard for entering a default judgment against a state agency under Rule 55(e), SCRCP. We agree and reverse.

"The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge." *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004). "This decision will not be reversed absent an abuse of that discretion[,]" which "occurs when the order was controlled by an error of law or when the order is without evidentiary support." *Id.* at 508, 602 S.E.2d at 101–02.

Rule 55(e) provides there can be no default against South Carolina or its officers or agencies "unless the claimant *establishes his claim to relief* by evidence satisfactory to the [c]ourt." Rule 55(e), SCRCP (emphasis added). Because the application of this rule appears be a novel issue in South Carolina,[1] we look to federal caselaw for guidance. *See Gardner v. Newsome Chevrolet-Buick, Inc.*, 304 S.C. 328, 330, 404 S.E.2d 200, 201 (1991) ("[Because] our Rules of Procedure are based on the Federal Rules, whe[n] there is no South Carolina law, we look to the construction placed on the Federal Rules of Civil Procedure."). The equivalent federal rule now appears in Rule 55(d) of the Federal Rules of Civil Procedure and states essentially the same: "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

The Second Circuit has explained that the federal rule "reflects Congress' recognition 'that the government is sometimes slow to respond and that the public fisc should be protected from claims that are unfounded but would be granted solely because the government failed to make a timely response.'" *Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (quoting *Marziliano v. Heckler*, 728 F.2d 151, 157–58 (2d Cir. 1984)). Similarly, because the rule "[is] more restrictive than the typical standard for default, [other federal] courts have held that entry of default judgment against the United States will not be based simply on a failure to file an answer or responsive pleading." *Sun v. United States*, 342 F. Supp. 2d 1120, 1124

---

[1] The parties reference *Campbell v. City of North Charleston*, 431 S.C. 454, 848 S.E.2d 788 (Ct. App. 2020), but that case only briefly explained the circuit court's ruling that the City of North Charleston was not a state agency under Rule 55(e). *Id.* at 459, 848 S.E.2d at 791. Rule 55(e) was not an issue in that appeal and its scope was never addressed.

(N.D. Ga. 2004), *aff'd*, 151 F. App'x 860 (11th Cir. 2005); *see also Burr v. United States*, No. 4:04-CR-00917-RBH, 2010 WL 11674099, at *3 (D.S.C. July 13, 2010) ("[Federal] Rule 55(d) is intended to prevent the entry of default judgments against the United States for mere procedural missteps.").

As a consequence, the rule "precludes entry of a default unless there is evidence establishing [the] plaintiff's claim 'satisfactory to the court.'" *Carroll v. Sec'y, Dep't of Health, Educ. & Welfare*, 470 F.2d 252, 256 (5th Cir. 1972); *see also Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (reiterating "the necessity of 'establishing [the plaintiff's] claim or right to relief by evidence satisfactory to the court'" under 28 U.S.C. § 1608(e), which was "modeled" after Federal Rule 55(e) (now reflected under Rule 55(d))). "This implies that, as a threshold matter, [a plaintiff is] required to establish entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief [is] sought." *Compania Interamericana*, 88 F.3d at 951.

Here, the Department argues that it is "indisputably a state agency" and thus Respondent was required to "establish[] his claim to relief by evidence satisfactory to the [c]ourt" pursuant to South Carolina Rule 55(e). Respondent agrees that the Department is a state agency falling within Rule 55(e)'s purview; however, Respondent contends that he established his entitlement to relief "three . . . times over" and thus default against the Department was proper.

We respectfully disagree with Respondent's argument that he established his claim below. The circuit court did not address the Department's argument on the rule and took no evidence as to the merits of Respondent's claim. The master expressly disclaimed subjecting Respondent's claims to any burden of proof. *See Com. Bank of Kuwait*, 15 F.3d at 242 ("[Though] we have said that [Federal] Rule 55(e) does not require explicit findings, . . . the district court's decision should [only] be affirmed so long as 'there is an adequate basis in the record for inferring that the district court . . . was satisfied with the evidence submitted' in support of the plaintiff's claims." (final alteration in original) (quoting *Marziliano*, 728 F.2d at 158)); *see also Compania Interamericana*, 88 F.3d at 951 ("Although explicit findings may not always be required, the record must show that 'the plaintiff provided sufficient evidence in support of its claims' and that the evidence was considered by the court before the default judgment was entered. Here, the record does not reflect that the court considered the differing standard required by § 1608(e) prior to its entry of default judgment against Dominicana. Accordingly, we remand this case for consideration of § 1608(e)." (citation omitted)). We recognize the

master likely felt constrained by the circuit court's order of reference.  Still, the fact remains neither court addressed the rule.

For these reasons, we reverse and remand the case for proper consideration under Rule 55(e), SCRCP.  As to any remaining issues, we decline to address them because the above grounds are dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED AND REMANDED.**[2]

**THOMAS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.