**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

RHH Land Investors, LLC, Respondent,

v.

Leonard R. Watts, The Plantation at Colonial Charters, LLC, and Sago Plantation II Development, Inc., Defendants,

of whom Leonard R. Watts is the Appellant.

Appellate Case No. 2023-001920

―――――――――――

Appeal From Horry County
Daniel J. MacDonald, Sr., Special Referee

―――――――――――

Unpublished Opinion No. 2025-UP-053
Submitted January 1, 2025 – Filed February 12, 2025

―――――――――――

**REVERSED AND REMANDED**

―――――――――――

James Marshall Biddle, of Biddle Law Firm LLC, of Conway, for Appellant.

Kevin Nicklaus Molony, Kevin Duane Beck, and Jonathan D. Waller, all of Angell Molony, LLC, of Aiken; Aaron J. Angell, of Angell Molony, LLC, of Greenville; and Aaron Eric Edwards, of George Sink, PA Injury Lawyers, of North Charleston, all for Respondent.

**PER CURIAM:**  Leonard R. Watts appeals the special referee's denial of his motions to (1) set aside a default judgment entered against him in an action by RHH Land Investors, Inc. (RHH) and (2) reconsider its order denying his motion to set aside the default judgment.  On appeal, Watts argues the special referee erred in denying his motion to set aside the default judgment and his motion for reconsideration because Watts lacked proper notice of RHH's motion seeking a damages hearing and received no notice of the hearing itself, thus violating his procedural due process rights.  Additionally, Watts argues the special referee erred in denying his motion for reconsideration because he lacked proper notice of the order granting the default judgment, thus again violating his procedural due process rights.  We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the special referee abused its discretion in denying Watts's motion to set aside the default judgment and his motion to reconsider because the judgment entered without notice was void.  *See Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101-02 (Ct. App. 2004) (stating the circuit court's decision whether to set aside default judgment will not be reversed absent an abuse of discretion shown by legal error or lack of evidentiary support).  In all cases not involving liquidated damages or sum certain amounts, a judgment is void when a party in default does not receive notice of a trial or hearing on the default judgment, regardless of whether the party has appeared in the case.  *See* Rule 55(b)(2), SCRCP (requiring that a party in default receive notice of any hearing "in all other cases" not involving liquidated damages or sum certain amounts); *Stark Truss Co.*, 360 S.C. at 507, 511-12, 602 S.E.2d at 103-04 (finding a default judgment was void when the defendants did not receive notice of the hearing addressing the default judgment).  Further, the clerk must provide notice of the entry of judgment "upon every party affected thereby who is not in default for failure to appear."  *See* Rule 77(d), SCRCP ("Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by first class mail upon every party affected thereby who is not in default for failure to appear, . . .").  The record on appeal contains no evidence showing Watts received notice of the damages hearing; nor does it show Watts received notice of the entry of judgment against him.  Because Watts has demonstrated via an affidavit from the clerk's office that he did not receive notice of the damages hearing or the order entering the default judgment, this order is void.  *See id.*; Rule 60(b)(4), SCRCP (providing for relief from default judgment when the judgment is void); *Stark Truss Co.*, 360 S.C. at 508, 602 S.E.2d at 101-02 (stating the circuit court's decision whether to set aside a default judgment will not be reversed absent an abuse of discretion shown

by legal error or lack of evidentiary support).  Based on the foregoing, we reverse the circuit court's denial of Watts's motion to set aside the default judgment and remand this matter for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.