**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Aszane Cruz, Respondent/Appellant,

v.

Arete Wyndham Property Owner, LLC d/b/a Wyndham Palace Apartments; Cases Bahari, LLC; Darlington 48 Unit, LLC; and John Doe, individually and as Manager/General Manager of Arete Wyndham Property Owner, LLC d/b/a Wyndham Place Apartments, Defendents,

of which Casa Bahari, LLC is the Appellant/Respondent.

Appellate Case No. 2024-001724

———————————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-224
Submitted March 2, 2026 – Filed May 13, 2026

———————————

**REVERSED**

———————————

James Atkinson Bruorton, IV, and Mary Harriet Moore, both of Rosen Hagood, LLC, of Charleston, for Appellant/Respondent.

Lane Douglas Jefferies, India Dorothy Shaw, and Chase Harrison Coble, all of Poulin, Willey, Anastopoulo, LLC, of Charleston, for Respondent/Appellant.

---

**PER CURIAM:**  This is a cross-appeal from a default judgment entered against Casa Bahari, LLC (Casa Bahari), one of three defendants in a premises liability action brought by Aszane Cruz.  On one side, Casa Bahari challenges the circuit court's refusal to set aside the default judgment.  On the other, Cruz contends the amount of the judgment is inadequate.

The circuit court denied Casa Bahari's request for relief from the default judgment after finding Casa Bahari had notice of the damages hearing.  The narrow, dispositive question before us is whether this finding is supported by evidence; if not, it is an abuse of discretion.  *See Fasset v. Evans*, 364 S.C. 42, 49, 610 S.E.2d 841, 845 (Ct. App. 2005) (recognizing the decision to set aside a default judgment lies in the discretion of the trial court and will not be disturbed absent an abuse of discretion); s*ee also Ex parte Cap. U-Drive-It, Inc.*, 369 S.C. 1, 5, 630 S.E.2d 464, 467 (2006) (finding an abuse of discretion occurs when the circuit court's ruling is based on a factual conclusion that lacks evidentiary support).  The record lacks evidentiary support for finding that Casa Bahari had notice of the damages hearing.  We therefore reverse.

Our brief recitation of the facts begins with Cruz's complaint alleging several causes of action arising from injuries she sustained in her apartment.  Cruz served Casa Bahari through its registered agent.  Shortly thereafter, counsel for Casa Bahari, who is based in Atlanta, contacted Cruz's counsel and asked to be dismissed from the case.  The correspondence explained that Casa Bahari did not own the property when the alleged injury occurred and included a recorded warranty deed reflecting Casa Bahari acquired the property after the incident occurred.  Cruz's counsel never responded.  It is undisputed Casa Bahari never filed a responsive pleading and was properly put in default.

The circuit court held a damages hearing on March 13, 2024.  At the hearing, Cruz's counsel told the court that notice of the hearing had been mailed to Casa Bahari earlier that month.  Counsel acknowledged she had received "an email from what was alleged as counsel for Casa Bahari," but nobody had formally appeared or filed an answer.  Cruz presented her testimony, medical bills, and documents relating to her claim for lost wages.  Cruz was awarded $40,686 in actual and punitive damages.

Casa Bahari claims it first learned of the damages hearing on March 14—the day after the hearing occurred—when it received an undated letter with notice of the hearing. Casa Bahari then retained local counsel, notified the circuit court it had not received notice of the hearing, and moved for reconsideration and to set aside the default judgment. Both motions were denied.

In its order awarding damages, the circuit court found Cruz "served notice of this hearing upon [Casa Bahari] at [its] last known address and the affidavit of mailing was filed and made part of the record in this action." However, the referenced affidavit does not appear in the appellate record or on the public index. *See Freeman v. McBee*, 280 S.C. 490, 494, 313 S.E.2d 325, 327 (Ct. App. 1984) (observing a court may take judicial notice of its own records, files, and proceedings). The circuit court's subsequent orders did not meaningfully address Casa Bahari's notice argument beyond reiterating notice was sent. The orders did not explain the basis for finding Casa Bahari received advance notice of the hearing. The orders also did not explain the absence of the affidavit of mailing.

Because the record lacks evidence supporting the finding that Casa Bahari received notice of the damages hearing, we must hold the circuit court abused its discretion in declining to set the default judgment aside. *See Ex parte Capital*, 369 S.C. at 5, 630 S.E.2d at 467 (finding the absence of proof supporting a factual finding essential to the ruling constitutes an abuse of discretion); *see also Roche v. Young Bros., Inc., of Florence*, 318 S.C. 207, 212, 456 S.E.2d 897, 901 (1995) (emphasizing Rule 5(a), SCRCP, mandates notice of any hearing on unliquidated damages is to be provided to any defaulting party); *Dymon, Inc. v. Hyman*, 305 S.C. 170, 172, 406 S.E.2d 388, 389 (Ct. App. 1991) (quoting federal authority for the proposition that the absence of required notice ordinarily justifies relief from a default judgment).

Our resolution of this issue is dispositive; therefore, we decline to address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive).

**REVERSED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.